Tuttle v. Cadwell.     ·     *92 N. J. L.*

.LOUIS E. TUTTLE, RESPONDENT, v. EDWIN B. CADWELL, APPELLANT.

Argued June 4, 1918—Decided November 12, 1918.

1. While, by the amendment of 1910 (*Pamph. L., p.* 500) to section 3 of the Mechanics' Lien law, the materialman is relieved from stating in his stop notice, with absolute accuracy, the amount due him from the contractor, he is required to state that amount with as much accuracy as is reasonably possible. And so, when it appears that the amount specified is in excess of what is actually due, the materialman is not entitled to go to the jury on the question of the liability of the owner unless he shows that the excessive claim was not the result of carelessness and that the mistake had been made notwithstanding the fact that he had used every reasonable effort to ascertain with exactness the amount which he was entitled to impound in the hands of the owner.

2. A materialman cannot reap the benefits of section 3 of the Mechanics' Lien law for the purpose of holding the owner liable for the contractor's debt, after the owner has expressed dissatisfaction as to the correctness of the claim, unless he proves at the trial that the claim was, in fact, correct, or as nearly correct as it was then reasonably possible to make it, and that, therefore, inferentially, the dissatisfaction of the owner was without support.

3. The fact that an owner, upon whom a stop notice has been served, is satisfied as to the correctness of a portion of the materialman's claim, imposes upon him no obligation to retain, out of the moneys due to the contractor, a sum sufficient to pay such portion of the amount demanded.

On error to the Bergen County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *Charles W. Hulst.*

For the respondent, *David D. Ackerman.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought under section 3 of the Mechanics' Lien law. The defendant, on the

16th of January, 1912, entered into a contract with the Conrady-Stevens company for certain construction work, which involved the alteration of an old dwelling-house, the construction of an addition thereto, and the alteration of a garage, the property being located in the city of Englewood. The contract was duly filed pursuant to the provisions of the Mechanics' Lien law, and thereafter the plaintiff sold and delivered to the contractors certain materials, some of which were for use in the construction of the addition. The plaintiff claimed that the price, or value, of the materials to be used in the addition was $653.90, and demanded payment of that amount from the contractor. The latter refusing to pay, the plaintiff then served upon the defendant a stop notice, requesting the latter to retain this amount out of any sums owing by the defendant on the contract, or that might thereafter become due and owing thereon, and, on being satisfied of the correctness of the plaintiff's demand, to pay the same to him. Upon communicating to the Conrady-Stevens company the fact that the stop notice had been served, and the amount claimed therein, the latter informed the defendant that they did not owe the plaintiff any such sum as $653.90 on account of the addition, but that the actual amount of their debt on that account was $471.43. The defendant then advised the plaintiff that the amount of his bill was disputed by the Conrady-Stevens company, and that for this reason he could not safely comply with the request contained in the stop notice. The present suit was thereupon brought. At the trial the plaintiff attempted to prove that the amount due to him on this account by the Conrady-Stevens company was $555.83, but at the close of the testimony his counsel, at the suggestion of the court, reduced the demand to $471.43, the sum originally admitted by the Conrady-Stevens company to be due to the plaintiff, and the verdict in his favor was for the latter amount.

The fundamental question presented by this appeal is whether this action can be maintained, under the third section of the Mechanics' Lien law, against the owner as well as against the primary contractor. That section, as amended in

1910 (*Pamph. L., p.* 500), provides that when the contractor, upon demand, shall refuse to pay the materialman, the latter may give notice in writing to the owner of the building of such refusal, and of the amount due to him, and so demanded, specifying said amount as nearly as possible, and the owner shall thereupon be authorized to retain the amount so due and claimed by such materialman out of the amount owing by him on the contract, or that may thereafter become due from him on such contract, for labor or materials used in the erection of the building, giving the contractor written notice of such notice and demand, and that if the same be not paid or settled by the contractor, the owner, on being satisfied of the correctness of the demand, shall pay the same.

This section of the statute imposes upon the materialman the duty of specifying, as nearly as possible, the amount actually due him from the contractor. It also imposes upon the owner the duty of making payment upon being satisfied of the correctness of the materialman's demand, in case of the refusal of the contractor to do so.

Prior to the amendment of 1910 the failure of the materialman to state in his stop notice with absolute accuracy the amount of the debt due to him was fatal to his right to recover under this section. *Reeve* v. *Elmendorf,* 38 *N. J. L.* 125. And this was true even where the variation between the amount actually due and that claimed was slight, and had resulted from an honest mistake. The purpose of the amendment of 1910 was to relieve to some extent the burden resting upon the materialman, and this was done by providing that he should specify in his stop notice the amount due to him "as nearly as possible." The theory upon which the case went to the jury seems to have been that this amendment obviated the necessity of any accuracy in the specification of the amount due, and that if it should appear at the trial that the amount demanded was in excess of that which the plaintiff was entitled to recover from the contractor, he could, nevertheless, hold the owner responsible for whatever sum was shown to be actually due. We think that so broad a

construction of this statutory provision is not justified. Its purpose is to relieve the materialman from stating in his stop notice the amount due with absolute accuracy. But it requires him to state in that notice the amount of his claim against the contractor with as much accuracy as is reasonably possible. That he did not state it with absolute accuracy is apparent from the foregoing recital of facts. His failure to do so is not shown to have been the result of mistake, nor does it appear that he made any effort to determine accurately what the amount was. In order to take advantage of the statute, when it appears that the amount specified in the stop notice is in excess of the amount actually due, we think the burden rests upon the materialman to show that the excessive claim was not the result of carelessness, and that the mistake had been made notwithstanding the fact that he had used every reasonable effort to ascertain with exactness the amount which he was entitled to impound in the hands of the owner. Nothing of the kind was done by him, so far as the proofs in this case show, and for this reason he was not entitled to go to the jury on the question of the liability of the defendant under section 3 of the Mechanics' Lien law.

There is another reason why this case should not have been submitted to the jury, and that is that the owner not only is not required to pay, but is not justified in paying the materialman the amount of his claim, unless he, the owner, is satisfied of the correctness of the demand. The defendant notified the plaintiff that he was not satisfied, and gave as a reason the fact that the Conrady-Stevens company denied that they owed the sum of money specified in the stop notice. The owner, of course, cannot assert his dissatisfaction without having any just cause for its existence; but in the present case not only did the fact that the amount was in dispute between the contractor and the materialman furnish such ground, but the proofs at the trial demonstrated the soundness of the defendant's position; for, not only was there no attempt to show that the plaintiff's claim as expressed in the stop notice was valid, but, on the contrary, it was admitted that the contractor's challenge of the correctness of the

plaintiff's claim was entirely justified, and that no such amount was due as was exhibited in that claim. A material-man cannot take advantage of the benefit of this section of the Mechanics' Lien law for the purpose of holding the owner liable for the contractor's debt, after the owner has expressed dissatisfaction as to the correctness of the claim, unless he proves at the trial that the claim was, in fact, correct, or as nearly correct as it was then reasonably possible to make it, and that, therefore, inferentially, the dissatisfaction of the owner was without solid support.

It is argued on behalf of the plaintiff that if the owner is satisfied of the correctness of a part of the materialman's demand, he is bound to retain for the benefit of the latter sufficient moneys to pay the same, and that if he fails to do so the materialman has a right, under the third section of the Mechanics' Lien law, to recover such portion from him. The answer to this contention is that the statute makes no such provision.. The demand referred to in it is to be of the amount which the materialman claims to be due to him. The satisfaction of the owner must be as to the correctness of this demand. He is not required to investigate as to the correctness of a part thereof; nor has he any authority under the statute to retain out of the moneys due to the contractor a sum sufficient to pay such part as he is satisfied is justly due.

For this reason also the judgment should be reversed.

It appeared in the proofs that after service of the stop notice the defendant paid to the Conrady-Stevens company all moneys in his hands due under the primary contract, and took from them an indemnity bond to protect him against any liability to the plaintiff; and it is insisted that by doing so he estopped himself from denying the existence of such liability. We think not. He could not absolve himself from liability to pay the plaintiff's just demand by such a course of action as that indicated; but the mere payment to the contractor of the moneys due under the contract could not operate to create a liability in favor of the plaintiff which, until such payment was made, had no legal existence.

The judgment under review will be reversed.