CHARLES GIBBS AND GEORGE GIBBS v. CHARLES D. HANCHETTE, SAMUEL B. HARRIS, AND THE QUINCY MINING COMPANY.

*Mechanic's lien—Statement of demand due—Excessive claim.*

1. Mechanics who, with knowledge of the *status* of the account, or with information thereof at their disposal, seek to secure a lien under Act No. 216, Laws of 1885, cannot be excused for a failure to file "a just and true statement or account of the demand due them, over and above all legal set-offs," as required by section 2 of the act.

2. Complainants filed a statement of lien under the mechanics' lien law of 1885, in which they claimed that there was due them on a building contract $911.36, when the true sum was $766.36. The only excuse made for the mistake was that their attorney was absent when the statement was filed, and that, as he had the contract in his possession, they could not arrive at the exact amount due. They made no effort to obtain the contract from the attorney's office, or a duplicate in the possession of the debtor, who lived in the same town where they resided, and they had rendered a bill of the amount due shortly before filing the statement, in which they had deducted the items making up the $145 excess. On the hearing of complainants' petition to enforce the lien, the proceeding was dismissed, on the ground that their claim, as filed, was knowingly and willfully incorrect, and that they had therefore forfeited their lien; which action is affirmed.

Appeal from Houghton. (Williams, J., presiding).
90 MICH.—42.

| | |
|---|---|
| 90 | 657 |
| 96 | 177 |
| 90 | 657 |
| 97 | 184 |
| 90 | 657 |
| 103 | 267 |
| 90 | 657 |
| 105 | 25 |
| 90 | 657 |
| 108 | 166 |
| 108 | 167 |
| 90 | 657 |
| f121 | 666 |
| 90 | 657 |
| 126 | 339 |
| 90 | 657 |
| s51NW | 691 |
| 132 | ²383 |
| 90 | 657 |
| f143 | ²709 |
| 90 | 657 |
| p155 | ¹613 |

Submitted on briefs February 11, 1892.   Decided March 18, 1892.

Proceeding to enforce a mechanic's lien.   Complainants appeal.   Order dismissing proceeding affirmed.   The facts are stated in the opinion.

*Stone & Gray,* for complainants.

*T. L. Chadbourne ( Chadbourne & Rees,* of counsel), for defendants.

GRANT, J. Proceeding in equity to enforce a mechanic's lien under Act No. 216, Laws of 1885.

Section 2 of the act provides that—

"Every person, or his agent or attorney,    *    *    * who wishes to avail himself of the provisions of this statute, shall make, and file in the office of the register of deeds in the county or counties in which said real estate    *    *    *    to be charged with the lien is situated, a just and true statement or account of the demand due him, over and above all legal set-offs."

Complainants placed upon record a claim of $911.36. They concede that it should not have exceeded $766.36. The case was heard on pleadings and proofs taken in open court.   The contract under which the lien is claimed provided for the erection of a dwelling-house.   Subsequent to the date of the contract, and prior to recording the claim for a lien, two mortgages had been executed upon the property to the two co-defendants.   When it appeared from the complainants' own evidence that they had put on record a claim considerably exceeding the amount justly due, defendants moved the court to dismiss the proceedings, on the ground that complainants' claim, so recorded, was knowingly and willfully made, was incorrect, and that, therefore, they had forfeited their lien.

The court held the motion under advisement until the close of the testimony, and then granted it.

The court made the following finding:

" It is conceded all around that the complainants, in their lien, overstated the amount. It is not an over-statement which arose in consequence of a fair disagreement between the parties as to what items were due and what not due; but, according to the complainant's own statement, he knew the contract provided for certain deductions, and knew the deductions ought to be made, because the defendant elected to receive them, as he has sworn himself. The items amount to over $100, I believe about $150 or $160. I cannot consider that those are immaterial amounts, and of no consequence. I think they are material and substantial. If this was a case where there was a difference of opinion between the parties on the amount,—one claiming he ought to receive a certain amount, and the other claiming he ought not,—and the court had to decide either way, that would be a different thing. Here the complainant knew they ought to be allowed, and didn't allow them, and our statute provides he shall make a fair and just statement, after deducting all legal set-offs. He did not do it, and knew he did not do it; and, under circumstances of this kind, I cannot consider the complainant was innocent in the matter. He don't even refer to the contract. He states it as though it was all due. At least one-sixth of the amount is overstated, under the contract, according to his own admission. I think that is substantial. I am clear, under the decisions, that the petition ought to be dismissed."

The claim filed with the register of deeds must be verified by the oath of the claimant. The claim, when filed, has the same effect as to notice as the recording of a mortgage. The liens created by this statute have preference over all other liens or incumbrances made subsequent to the commencement of the building.

A careful perusal of the evidence shows us no reason for reversing the finding of the court upon the facts. Complainants had presented a bill too large by about 16 per

cent.    The items to be deducted appeared in the contract
itself.    It is insisted in their behalf that the misstatement
was not fraudulent, willful, or intentional; that it was
only an inaccuracy.    The excuse given by them for the
misstatement is that their attorney was absent at the time
they filed their claim, and therefore they could not arrive
at the exact amounts.    But it appears that they made no
efforts to ascertain whether they could obtain the contract
from their attorney's office.    Besides, Mr. Hanchette lived
in the same place, and had a duplicate contract, which
they did not ask him to permit them to see.    They had
also, shortly before, rendered a bill with these same items
deducted.    They did not ask Mr. Hanchette to see this
bill.    The most that can be said in their behalf is that
they made and swore to the claim thoughtlessly and care-
lessly, and without any effort to obtain the correct *data*,
which were within their reach.    We think this comes
within the definition of "knowingly" and "willfully,"
given by Mr. Phillips in his work on Mechanics' Liens, in
section 355, as follows:

"A person willfully and knowingly claims more than
is due, only when he claims something which he knows
not to be due, and not when he claims what he honestly,
though mistakenly, believes to be due him."

It cannot be seriously contended that these complain-
ants did not know that the claim was too large.

The language of *Uthoff v. Gerhard*, 42 Mo. App. 257,
is applicable here:

"We do not intend to intimate that they intended to
cheat anybody.    It is sufficient for us to see, from the
undisputed evidence, that they included in the account,
as the basis of their claim of lien, this large amount,
not as the result of inadvertence or mistake, but know-
ing that it was not due them from the principal con-
tractors."

The purpose of the statute is that an accurate and

truthful claim shall be filed. The authorities very generally hold that where there·is an honest mistake of fact, made in the honest belief of its correctness, courts will not for that reason hold that the lien is lost. But where claimants place upon record a statement which they know is not correct, the authorities are very uniform that the lien is lost. *Lynch v. Cronan*, 6 Gray, 531; *Foster v. Schneider*, 57 N. Y. Sup. Ct. 151 (2 N. Y. Supp. 875); *Whitenack v. Noe*, 11 N. J. Eq. 321; *Reeve v. Elmendorf*, 38 N. J. Law, 125; *Hoffman v. Walton*, 36 Mo. 613; *Stubbs v. Railroad Co.*, 65 Iowa, 513 (22 N. W. Rep. 654). There is good reason for requiring strictness, accuracy, and truthfulness in filing these statements. They are proceedings *ex parte* and *in invitum* as to those against whom they are aimed. The effect is to tie up their property, to prevent sales, and the raising of money by mortgage. The reason for this rule is well stated in *Hoffman v. Walton, supra.*

It was held in *Lynch v. Cronan, supra*, under a statute of like import with our own, Chief Justice Shaw speaking for the court, that a failure by a lienor to give a credit for $5 upon a claim for $24 destroyed the lien.

Lienors, with knowledge of the *status* of the account, or with information thereof at their disposal, cannot be excused for a failure to file this truthful statement, so wisely and clearly required by the statute. To hold otherwise would result in offering a premium for thoughtlessness and carelessness, and in establishing liens contrary to the provisions of the law.

Complainants must be left to their remedy at law.

Decree affirmed, with costs.

The other Justices concurred.