TIMOTHY McMONEGAL v. WILLIAM L. WILSON ET AL.

*Mechanic's lien—Sufficiency of affidavit—Excessive claim—Homestead.*

1. The affidavit of a claimant under the mechanic's lien law of 1885 (Act No. 216) averred that the claimant furnished certain labor and material in and for building a house situated on a designated lot, in pursuance of a contract made with the owner of the lot, naming him; that there was due to the claimant therefor, from said owner, over and above all legal set-offs, the sum of $200, balance due on such contract, and the sum of $395, making the total sum of $595, for the value of extras done on said house under such contract, and damages suffered by deponent by reason of the failure of the owner to comply with said contract. And it is held that the affidavit leaves no room to infer that the claimant did not assert himself to be the *principal* contractor.

2. The statement of claim required to be filed with the register of deeds was verified by two affidavits, one preceding and the other following an account of the items of said claim. The first affidavit was sufficient in form, and was properly verified. The second affidavit was sworn to before an attorney at law, who was a member of the firm who acted as claimant's solicitors in the attempted enforcement of the lien. And it is held that this fact did not invalidate the first affidavit, even if the second affidavit should be treated as void because sworn to before said attorney.

3. The lien of a mechanic will not be invalidated by reason of his claiming too great a sum in his statement of claim, unless the misstatement is intentional.

4. At the time of the making of a contract for building a house upon a lot owned by the contractee, and of the commencement of work under said contract, the contractee was the owner and occupant of a house in another portion of the same city. And it is held that he cannot avoid the lien of the contractor on the ground that the premises upon which the house was erected were his homestead, and the contract was not signed by his wife.[1]

Appeal from St. Clair. (Beach, J., presiding.) Argued October 12, 1894. Decided December 22, 1894.

Bill to enforce a mechanic's lien. Defendants Wilson appeal. Decree affirmed. The facts are stated in the opinion.

*Atkinson & Wolcott,* for complainant.

*James L. Coe,* for appellants.

MONTGOMERY, J. This is a proceeding to enforce a mechanic's lien. The contract was made August 22, 1891, —prior to the date when the law of 1891 took effect.[2] The case is therefore governed by the earlier statutes. Notice of lien was filed on the 25th of January, 1892. The complainant was granted a decree of $299.93 by the court below, and defendants appeal.

Numerous objections are made to the proceedings. It is insisted:

1. That the affidavit is insufficient.
2. That complainant had debarred himself by claiming an excessive lien.
3. That the premises are a homestead, that the defendant Wilson was a married man, and the contract was not signed by his wife.

---

[1] For cases bearing upon the question of the exemption from execution of unoccupied lands because of their intended occupancy by the owner as a homestead, see *Kaeding v. Joachimsthal,* 98 Mich. 80, and note; *Myers v. Weaver,* 101 Id. 477.

[2] Act No. 179, Laws of 1891.

4. That the contract was not completed as per agreement, and that complainant has not, therefore, any standing on the merits of the case.

As defendants' counsel concedes that under the law of 1885 no notice by a principal contractor was necessary (*Kirkwood v. Hoxie*, 95 Mich. 62; *Lamont v. Le Fevre*, 96 Id. 175), we are at a loss to understand the force of his objections to the form of the notice given.

It is said that the affidavit purports to be made by a material man, and not by a principal contractor. The affidavit, however, contains the following averments, which are inconsistent with defendants' claim, and wholly consistent with the bill of complaint:

"That he [complainant] furnished certain labor and material in and for building a house situated on the following described land, to wit, * * * in pursuance of a certain contract with William L. Wilson, the owner of said lot, * * * and that there is justly and truly due to deponent therefor, from the said William L. Wilson, over and above all legal set-offs, the sum of $200, balance due on such contract, and the sum of $395, making the total sum of $595, for the value of extras done on said house under such contract, and damages suffered by this deponent by reason of the said William L. Wilson failing to comply with such contract."

This affidavit leaves no room to infer that complainant does not assert himself to be the principal contractor.

It is also claimed that the affidavit is void because sworn to before one of complainant's solicitors. But the affidavit from which we have quoted, and which is sufficient in form, was sworn to before another notary; and while the affidavit which is attached was sworn to before Mr. Wolcott, who afterwards became one of complainant's solicitors, this does not invalidate the first affidavit, even if we should treat the second affidavit as void.

It is also claimed that the complainant claimed more than is found due him, and that this invalidates the lien.

Included in the claim was a charge for extras, and, it would appear, $225 for damages for failing to furnish plans, and for carrying away plans, etc. On the face of the claim this last item was shown to be a mere estimate. The circuit judge found, as to these claims, as follows:

"The contention that the claim and statement are greater than any true amount which can be found due rests principally upon the claim for damages. The mechanic's lien law does not seem to contemplate liens for anything except material and labor, and these claims for damages cannot be considered, but it does not appear that they were willfully or fraudulently made. The claim for extras, while it must be reduced, cannot be said to have been willfully or fraudulently made. It requires an examination and construction of the specifications to determine how much of the claim for extras shall be allowed or disallowed, and the testimony of witnesses was also required upon this question; and, while the court disallows a part of such claim, I cannot say that the claims for items and extras were not made in good faith."

Defendants rely upon *Gibbs v. Hanchette*, 90 Mich. 657. But in that case the complainants had every means of knowing that the bill appended to their notice was excessive,—in fact, they had rendered a bill to the owner, with the items deducted,—and it was said: "It cannot be seriously contended that these complainants did not know that the claim was too large." But it has been frequently held that, where the person filing the certificate claims too great a sum, it will not invalidate his lien, unless his misstatement was intentional. See Phil. Mech. Liens, § 355; *Lamont v. Le Fevre*, 96 Mich. 176, 177; *Allen v. Smelting Co.*, 73 Mo. 693; *Hubbard v. Brown*, 8 Allen, 593; *Nichols v. Culver*, 51 Conn. 180; *Kiel v. Carll*, 51 Id. 440.

As to the claim that the premises were a homestead at the time that the contract was made and the work commenced, the fact appears that defendant was occupying a house in another part of the city, which he owned. The

statute, in terms, provides that the contractor shall have a lien upon the entire interest of such owner at the time work was commenced or materials begun to be furnished. Laws of 1885, p. 294. Whatever might be said if, at the time this lot was purchased and the labor commenced, the defendant had been without a homestead elsewhere, and the testimony showed that the lot in question was purchased for a homestead, no such liberality of construction of the homestead law is permissible as will entitle the party to two homesteads at the same time,—the one actual and the other potential.

On the merits of the case, an examination of the testimony satisfies us that the circuit judge was justified in reaching the conclusion which he did, and that, by reason of the unjust and unreasonable demands of defendant, complainant cannot be said to be in fault for not completing the building in some minor details.

The decree will be affirmed, with costs.

The other Justices concurred.

