SCHEIBNER v. COHNEN.[1]

| 108 | 165 |
| 126 | 339 |

MECHANIC'S LIEN—VALIDITY—EXCESSIVE CLAIM.

A claimant under the mechanic's lien law is not deprived of the benefit of the statute because he included in his statement of lien items for which he had no right to charge, where such action was the result of an honest mistake on his part, and not an effort to place a lien upon the premises for a greater amount than was honestly believed to be due. *Lamont* v. *Le Fevre*, 96 Mich. 177, followed. GRANT, J., dissenting upon the application of the rule to the facts of this case.

Appeal from Wayne; Carpenter, J. Submitted December 4, 1895. Decided December 31, 1895.

Bill by Ferdinand Scheibner against Frank Cohnen and wife to enforce a mechanic's lien. From a decree for complainant, defendants appeal. Affirmed.

*Charles Flowers*, for complainant.

*Bowen, Douglas & Whiting*, for defendants.

[1] Rehearing denied July 8, 1896.

LONG, J. We agree with the court below that this case does not fall within the principle of *Gibbs* v. *Hanchette*, 90 Mich. 657. That case was distinguished in *Lamont* v. *Le Fevre*, 96 Mich. 175. In speaking of the *Gibbs Case*, it was there said:

"The case of *Gibbs* v. *Hanchette* carefully distinguishes between such cases and those where, through an honest mistake, too much has been claimed in the statement of lien, or, by reason of a failure of proof, the claimant was denied the entire amount claimed."

It is evident to us, from the claimant's testimony, that, in stating the amount of his claim, he was honestly mistaken. We see nothing in the record contradictory to his explanation of how it occurred. The court below, who heard the testimony, was of the opinion that it was an honest mistake, and not an effort on the part of the claimant to place a lien upon the premises for a greater amount than he honestly believed his due.

The case is governed by *Lamont* v. *Le Fevre*, *supra*, and the decree below must be affirmed, with costs to claimant.

MCGRATH, C. J., MONTGOMERY and HOOKER, JJ., concurred with LONG, J.

GRANT, J. (*dissenting*). This is a proceeding in equity to enforce a mechanic's lien under act No. 179, Pub. Acts 1891. January 25, 1893, complainant filed his affidavit for a lien, stating that there was justly and truly due to him from the defendants, over and above all legal set-offs, the sum of $1,500. January 27, 1893, he filed another affidavit for a lien, stating the amount due to be $1,420. The case was heard upon pleadings and proofs, and decree entered for complainant for $754.60. Complainant admitted that both affidavits contained items to the amount of $261.55 for which he had no right to charge under the contract as he claimed it. His first affidavit also included an item of $150 which he admitted should only have been about $60, and which his own books showed to be $61.65.

The statute requires a "just and true statement or account of the demand due him." The reason of this requirement is fully stated in *Gibbs* v. *Hanchette*, 90 Mich. 657. No satisfactory explanation is given by complainant for including these items. The explanation is no better than the one given by Mr. Gibbs. We need not impute intentional wrong to the complainant, but it is evident that he did not take those measures to make a just and true statement which the law requires. One cannot make a reckless and careless statement in these proceedings, and then be permitted in excuse to say that he did it with honest motives. The law requires him to place upon record no greater claim of lien than he is justified in making after the exercise of due care. This case is ruled by *Gibbs* v. *Hanchette*.

In addition to the authorities there cited, I also cite *Ely* v. *Carnley*, 19 N. Y. 496. In that case a clerical error of $100 in the copy of a chattel mortgage and the accompanying statement of the amount claimed was held to invalidate it as against creditors. It was there said:

"It is important to creditors to know the amount of liens as well as their existence. Hence the act requires the filing of the instrument or of a true copy. A compliance with the act will give the creditor full information as to the property mortgaged, the amount of the debt or condition of the mortgage, and to what extent the property can be made available for the payment of his debt. When the paper filed fails to accomplish these purposes, it falls short of the requirement of the statute. In this case the paper filed did not show the amount of the debt. The referee, therefore, correctly held that it was not a true copy. The defendant's counsel insists that, as it was a mistake of the copyist, and there was no fraud intended, the error in the copy should be disregarded. The statute will not permit such a construction. When a judgment creditor claims the property in hostility to the mortgagee, the inquiry is, has the mortgagee complied with the statute? If not, the statute makes his mortgage void. The cause of the omission is wholly immaterial, whether by accident or design."

It is important to parties and to their creditors that, when liens are placed upon their property, the statute shall be strictly pursued.

The decree should be reversed, and bill dismissed, with costs.