YPSILANTI LUMBER & COAL CO. *v.* LESLIE.

1. MECHANICS' LIENS—EXCESSIVE CLAIM—GOOD FAITH.

In a suit to enforce a mechanics' lien under 3 Comp. Laws 1915, § 14800, requiring "a just and true statement or account of the demand due him," where a mistake in claiming an excessive amount is not made in bad faith, but there is an honest mistake of fact made in the honest belief of its correctness, the lien will not be lost by reason of the excessive claim.

2. SAME—REQUISITIONS FOR MATERIAL NOT SEPARATE CONTRACTS —GOOD FAITH.

Although lumber for a coal bin was furnished a consider-able time after the furnishing of the great bulk of the material, where it was furnished in good faith, and the owner signed the ticket acknowledging delivery, a lien filed in seasonable time thereafter is valid, since requisitions are made as material is needed, and such requisitions do not make new contracts.

Appeal from Washtenaw; Sample (George W.), J. Submitted April 13, 1922. (Docket No. 61.) Decided June 5, 1922.

Bill by the Ypsilanti Lumber & Coal Company against Wallace Leslie and others to foreclose a mechanics' lien. From a decree for plaintiff, certain defendants appeal. Affirmed.

*Floyd E. Daggett,* for plaintiff.

*John P. Kirk,* for defendant Shaefer Hardware Co.

*Tracy L. Towner* and *D. C. Griffin,* for appellants.

FELLOWS, C. J. This bill is filed to enforce a lien for materials furnished by the plaintiff to defendant Wallace Leslie, owner of the premises, which material

On effect of filing excessive mechanics' lien, see note in 29 L. R. A. (N. S.) 305.

was used by him in the erection of a dwelling house thereon. Defendant Leslie with other parties had built two other houses but in the construction of this house he alone was interested. Defendants and appellants Ypsilanti Building & Loan Association and Marian Sanderson are mortgagees subordinate to the liens. The other defendants are lienors. Appellants appeal from that portion of the decree which awards relief to plaintiff and to defendant Shaefer Hardware Company, the other liens not being questioned.

When the managing officer of plaintiff was preparing to file the claim of lien he called on the bookkeeper for the figures. The bookkeeper gave him the amount of Mr. Leslie's total indebtedness, $3,130.23, and not the amount due for material which went into the building, $2,126.41. The affidavit filed stated the first amount and the second amount herein stated was the amount found by the court. Upon the trial the officer frankly admitted the mistake and produced the tickets in court showing the actual amount of material which went into the building, made no claim for anything beyond that, and established the lien at the amount found by the court. It is insisted on behalf of appellants that the statement of this excessive amount was not a compliance with the statute (3 Comp. Laws 1915, § 14800) requiring "a just and true statement or account of the demand due him," and for this reason the lien should fail. This provision has been before this court on numerous occasions, and we have on occasion held that the lien must fail where the excess was less than the amount here involved. But we have uniformly held that where the mistake is not made in bad faith but there is an honest mistake of fact made in the honest belief of its correctness, the lien will not be lost by reason of the excessive claim. *Gibbs* v. *Hanchette,* 90 Mich. 657; *Lamont* v. *LaFevre,* 96 Mich. 175; *McMonegal* v. *Wilson,* 103 Mich. 264;

*Scheibner* v. *Cohnen,* 108 Mich. 165; *Hulburt* v. *Just,* 126 Mich. 337; *Knowlton* v. *Gibbons,* 210 Mich. 547. The trial judge who heard and saw the witnesses found that there was an honest mistake of fact and no bad faith on the part of plaintiff in making the claim. With this finding we agree and sustain the lien against this objection.

It is also urged that the last item of plaintiff's bill was furnished a considerable time after the furnishing of the great bulk of the material, and it seems to be claimed that this was not furnished in good faith. If we were satisfied that the furnishing of this material was not in good faith, for use in the building, but was made to circumvent the limitation of the statute another question would be presented. But we are not so satisfied. The lumber was ordered for a coal bin in the basement of the house and was delivered on the premises and Mr. Leslie signed the ticket for it. In *Smalley* v. *Gearing,* 121 Mich. 190, it was said:

"The verified statement or account must be filed within 60 days from the date on which the last of the materials shall have been furnished. We think the meaning of the statute is that the 60 days begins to run from the date when the last of the materials shall have been furnished to the owner, or delivered at the building."

And in the recent case of *Sandusky Grain Co.* v. *Condensed Milk Co.,* 214 Mich. 306, 325, we pointed out that material was needed from time to time as the building progressed and that rarely was the material all assembled before the work began, that requisitions are made as material is needed, that such requisitions do not make new contracts, and sustained the liens as against the objection that they were not seasonably filed. Plaintiff's lien in the instant case was filed within the time fixed by the statute and is sustained.

The amount of the claim of the Shaefer Hardware Company set up in the affidavit was $460.88. The amount found by the court was $197.04. Mr. Shaefer went to his attorney's office to consult him about the matter. His attorney asked him the amount of his claim. He called up the bookkeeper and was given the amount inserted in the affidavit. The trial judge found, and we agree with him, that the mistake was an honest one. What we have already said disposes of this claim.

The decree will be affirmed. Appellees will recover single costs of this court.

WIEST, McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.