### CORLETT-STONE LUMBER CO. *v.* PARKER.

**1.** MECHANICS' LIENS—EXCESSIVE CLAIM—GOOD FAITH—LIEN WILL NOT FAIL FOR HONEST MISTAKE.

Where, in a suit to foreclose a mechanic's lien, plaintiff in good faith claimed that a notation on a canceled check from the contractor directing application of payment on defendants' account was not on the check at the time it was received, it was not chargeable with fraudulent overstatement of claims because of failure to credit such check on defendants' account.[1]

**2.** SAME—HONEST MISTAKE—POWER OF COURT TO CORRECT.

If the plaintiff's employees overlooked such notation and applied the amount on another account, the court will correct such mistake and apply it to defendants' account; but such mistake is not fraudulent and will not of itself defeat the lien for its true amount.[2]

**3.** APPEAL AND ERROR—PLAINTIFF MAY NOT COMPLAIN OF TESTIMONY TO WHICH IT OPENED DOOR.

Where plaintiff opened the door to testimony as to an attempted settlement, it may not complain that defendants were allowed to testify in regard thereto.[3]

**4.** MECHANICS' LIENS—EVIDENCE—ADMISSIONS—OFFERS OF SETTLEMENT NOT EVIDENCE OF BAD FAITH.

Where, upon an attempted settlement of a claim for materials furnished defendants' contractor, it was apparent that a loss must be sustained through the default of the contractor, plaintiff's offer to then take its share of the loss was not an admission that the original claim was made in bad faith, and did not stamp plaintiff and its officers as guilty of fraud because it later insisted upon its claim in full.[4]

**5.** SAME—MATERIALMAN PROPERLY INCLUDED DISPUTED AMOUNT.

Where there was a dispute as to whether a notation to apply the amount of a check was on it at the time it was received by plaintiff, it was proper for plaintiff to claim the full amount due it in order to try the dis-

---

[1]Mechanics' Liens, 27 Cyc. p. 205; [2]Id., 27 Cyc. p. 205; [3]Appeal and Error, 4 C. J. § 2614; [4]Mechanics' Liens, 27 Cyc. p. 202.

puted question of fact, although, in an attempted settlement, it agreed to credit said check to defendants' account.[5]

6. SAME—PAYMENTS TO CONTRACTOR MUST BE MADE IN COMPLIANCE WITH STATUTE.

Where defendants made payments to the contractor without requiring a sworn statement as provided by 3 Comp. Laws 1915, § 14799, and such money was not distributed among subcontractors, materialmen and laborers in accordance with section 14796, defendants could not require plaintiff to whom the contractor paid money to apply such payments to defendants' job.[6]

Appeal from Kalamazoo; Weimer (George V.), J. Submitted January 14, 1925. (Docket No. 88.) Decided April 3, 1925. Rehearing denied June 18, 1925.

Bill by the Corlett-Stone Lumber Company against Harry B. Parker and another to foreclose a mechanic's lien. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Mason & Sharpe,* for plaintiff.

*Harry C. Howard,* for defendants.

FELLOWS, J. Defendants contracted with one Van Riessen to build a house for them for $11,500. A considerable amount of the material which went into it was furnished by plaintiff. Van Riessen had other contracts and plaintiff furnished material which went into the other jobs. The amount of material furnished by plaintiff for defendants' house is not seriously disputed. The principal controversy grows out of a check for $1,000 given by Van Riessen to plaintiff. As produced in court it bore the notation "Parker job." It was credited on another job, called the "O'Dell job." Plaintiff claims this notation was

[5]Mechanics' Liens, 27 Cyc. p. 205; [6]Id., 27 Cyc. p. 92 (1926 Anno).

not on the check when received by it, and having no directions where to credit the amount it was credited on the oldest job.   Defendants insist that the check bore the notation when it was signed by Van Riessen and when it was delivered to plaintiff.   Plaintiff filed its claim of lien for $3,538.71, which was the amount of its account after giving certain credits but without crediting the $1,000-check to defendants' job.   The trial judge found with the defendants on the question of the notation on the check, and further found that plaintiff had fraudulently overstated its claim and dismissed its bill.   We agree with the trial judge that the notation was on the check when it was delivered to the plaintiff.   The testimony of the banker who saw the check when it was in the bank and before it was re-delivered to Van Riessen or he had an opportunity to in any way change it, is convincing.   It is agreed by every one that if it bore the notation it should be credited on this account.   We do not agree, however, with the learned trial judge that plaintiff was guilty of a fraudulent overstatement of its claim because it insisted, with the light before it when it filed its claim, that the notation was not on the check when it received it, and insisted upon a trial of that issue in the only place it could be tried,—in court. Van Riessen was not a witness; he had failed in his contracts, and, it fairly appears, had left the country. The two employees of plaintiff through whose hands checks received by the company during this period passed, one of whom was not in plaintiff's employ at the time of the trial, testify that the notation was not on the check when it was received at the office, that if it had been it would have been credited to defendants' job.   Defendants' counsel makes much of the fact that one of these witnesses gave testimony tending to show that Van Riessen did not usually make notations on his checks directing to what job they should apply, but that when he gave specific directions

they were usually orally given, and that several of Van Riessen's checks which were produced bore directions. But it is, however, significant that in all cases except the check here involved the credit was given the proper account. If this employee overlooked the direction on this one check out of numerous ones, and through an honest mistake applied it to the wrong account, the court will correct his mistake and apply it to the correct account, but his honest mistake is not fraud and does not of itself defeat the lien for its true amount.

Considerable testimony was given by defendants, over objection, tending to show an attempted settlement. We think plaintiff's counsel opened the door for this class of testimony and he can not complain because defendants entered the field. There came a time when it became apparent that Van Riessen would not fulfill his obligations to the parties or to any one else. The secretary of plaintiff, Mr. Stone, and defendant Harry B. Parker got together to see if an adjustment could be effected. The rock upon which they then split, as now, was the application of this $1,000-check, and it became apparent that no settlement could be reached unless plaintiff would acquiesce in defendants' contention that they were entitled to credit for this check. This Mr. Stone finally agreed to do, and no doubt the settlement would have gone through had not defendants been garnisheed by one of Van Riessen's creditors. During these negotiations Mr. Stone was shown the Van Riessen check; it then bore the notation; he was not, however, told the information possessed by the banker who was sworn as a witness at the hearing. At the time the settlement was agreed upon the parties all understood they must take a loss through the defaults of Van Riessen. Plaintiff's offer to then take its share of the loss was not an admission that its original claim was made in bad faith and does not stamp it and its officers as

guilty of fraud because it later insisted upon its claim in full.

After the attempts to settle came to an end, Mr. Stone, secretary of plaintiff, consulted an attorney. To him he related the information he had received from his employees that the check did not bear the notation when they received it.  To him he related that he had since seen the check and that it then bore the notation.  As we have stated, he did not then have knowledge of the facts the banker testified to.  He was advised by his attorney to file his claim for the full amount, and this he did.  We think the advice was proper.  There was a dispute between the parties as to when the notation was put on. Van Riessen had by this time proven himself to be a rascal; there was one place to try the disputed question and that was in court; unless he claimed the full amount he could not try that question.  The case is not unlike *Ypsilanti Lumber & Coal Co.* v. *Leslie,* 218 Mich. 664.  In that case the materialmen had relied on their bookkeepers for the amount to put in their affidavits; in one instance the amount claimed was over a thousand dollars too large, and in the other, it was twice too large.  The same claim was there made as is here made, and we there said:

"It is insisted on behalf of the appellants that the statement of this excessive amount was not a compliance with the statute (3 Comp. Laws 1915, § 14800) requiring 'a just and true statement or account of the demand due him,' and for this reason the lien should fail.  This provision has been before this court on numerous occasions, and we have on occasion held that the lien must fail where the excess was less than the amount here involved.  But we have uniformly held that where the mistake is not made in bad faith but there is an honest mistake of fact made in the honest belief of its correctness, the lien will not be lost by reason of the excessive claim.  *Gibbs* v. *Hanchette,* 90 Mich. 657; *Lamont* v. *LaFevre,* 96 Mich. 175;

*McMonegal* v. *Wilson,* 103 Mich. 264; *Scheibner* v. *Cohnen,* 108 Mich. 165; *Hulburt* v. *Just,* 126 Mich. 337; *Knowlton* v. *Gibbons,* 210 Mich. 547."

Defendants paid Van Riessen considerable money on the contract, and they insist they have traced into plaintiff's hands, from money which they paid, more than the amount of plaintiff's entire claim.    They did not require the sworn statement provided for by section 14799, 3 Comp. Laws 1915, and the money was not distributed among the subcontractors, materialmen and laborers in accordance with section 14796; they do not claim they directed such distribution nor do they claim that plaintiff knew where the money came from or that it was directed to apply the money in any other manner than it was applied.    They show the state of Van Riessen's bank account; that at times it was low and that they gave him checks; and he in turn checked the money out to plaintiff.    There are some jurisdictions which sustain defendants' contention that the money so traced should be applied on their job (see note L. R. A. 1916D, 1254), but the question is foreclosed in this jurisdiction by *Grace Harbor Lumber Co.* v. *Ortman,* 190 Mich. 429.    In that case the owner gave a note for $400 to his principal contractor; the note was turned over to a materialman without directions as to its application; in part it was applied on other jobs.    Speaking for the court, it was said by Mr. Justice BROOKE:

"While in this case there would seem to be an apparent hardship growing out of the application of the rule that a debtor may elect as to which of two or more debts his payment shall apply, but if he does not so elect the creditor may elect (*Blair* v. *Carpenter,* 75 Mich. 167; *Van Sceiver* v. *King,* 176 Mich. 605), the result is due to the failure of the defendant Smilansky to see, as he might have done, that the payments made by him to his principal contractor were properly applied."

See, also, *Stevens* v. *Garland,* 198 Mich. 24; *Hamtramck Lumber & Supply Co.* v. *United Home Builders,* 222 Mich. 265.

Some other defenses were urged in the court below, but they do not seem to be available to defendants on this record and are not discussed in their brief. We, therefore, need not consider them.

The decree will be reversed and one here entered in conformity with this opinion. Plaintiff will recover costs of both courts.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, and WIEST, JJ., concurred. SHARPE, J., did not sit.