## McLEAN *v.* LISOWSKI.

MECHANICS' LIENS—FORECLOSURE—BURDEN OF ESTABLISHING FRAUD IN FILING FOR EXCESSIVE AMOUNT.

Where, in a suit to foreclose a mechanic's lien, defendants charge that plaintiff has been guilty of fraud in filing for an excessive amount, and that he has thereby forfeited his right to a lien, the burden of establishing fraud, or gross negligence amounting to fraud, which is an issue of fact, rests upon defendants, although plaintiff must establish the regularity of the proceedings. FEAD, C. J., and NORTH, J., dissenting.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted April 17, 1928. (Docket No. 156, Calendar No. 33,697.) Decided October 1, 1928. Rehearing denied December 4, 1928.

Bill by Arthur J. McLean against Boleslaw Lisowski and others to foreclose a mechanic's lien. From a decree for plaintiff, defendants appeal. Affirmed.

*G. Leslie Field,* for plaintiff.

*August Cyrowski,* for defendants.

On the question as to whether intentional overstatement in claim for mechanics' liens will vitiate the lien, see annotation in 29 L. R. A. (N. S.) 306.

Fead, C. J. *(dissenting)*. This is a bill for foreclosure of a mechanic's lien. Defendants Lisowski are contract purchasers of the premises from defendants Schmidtke. The other defendants are subcontractors of plaintiff and also cross-plaintiffs seeking foreclosure. In 1925, plaintiff contracted to build a house for defendants Lisowski for $12,800. They paid him $5,000 on account. When the house was nearly completed, they refused to make a payment due, and plaintiff quit work. On April 19, 1926, he filed a statement of lien for $7,714.02. Included in that amount was $2,478.80 for three subcontractors, to whom plaintiff was personally liable. Two of them had filed statements of lien before plaintiff and the other filed shortly after.

By oral stipulation in circuit court, the claims of the subcontractors were allowed, O'Connor's at $250 and the others in full. Defendants Lisowski asked damages against plaintiff by way of recoupment for improper construction of the building, and resisted his claim of lien upon the ground that his statement was excessive in amount and not made in good faith.

Defendants Lisowski claimed the work was improperly done in a score or more of particulars. The circuit court allowed them $465 damages for defective workmanship. Defendants have no just cause of complaint of the allowance, under the testimony. The same is true of the amount found by the circuit judge, $1,558, as the cost of completing the building.

Defendants contended plaintiff's statement of lien was excessive and not made in good faith because *(a)* the amount claimed included the bills of subcontractors who had already filed statements of their own, and *(b)* it included improper items.

Defendants conceded that a contractor may include sums owing to subcontractors in his own state-

ment of lien. *Halpin* v. *Garman,* 192 Mich. 71. They argued, however, that in the present case, unlike the situation in *Halpin* v. *Garman, supra,* the subcontractors had already filed statements, of which the plaintiff had notice, and the inclusion of their claims in his statement made the latter excessive and avoided his lien. *Gibbs* v. *Hanchette,* 90 Mich. 657. The contractor may include the bills of his subcontractors in his own claim of lien if he is personally liable for them, because he is entitled to protect himself against loss thereon by recourse to the property. As the filing of a statement of lien by a subcontractor does not discharge the contractor from personal liability to the subcontractor, the need for protection continues. Until the subcontractor's lien is foreclosed and paid or the contractor otherwise released from liability to him, the contractor's right to include proper subcontractor's claims in his own statement of lien subsists.

Subcontractor O'Connor had the plumbing contract at $1,375. He performed in part. He was paid $850, leaving a balance for full performance of $525. He quit work when plaintiff did, having performed his contract to the amount of $250 of the balance. Part of his materials were undelivered when he ceased operations, and he stated it would have cost $275 to complete his contract. His estimate was not disputed by plaintiff. Both plaintiff and O'Connor included this charge at $525 in their statements of lien.

The amount of $7,714.02 claimed by plaintiff in his statement of lien was made up of contract price $12,800, plus extras $478.12, total charge $13,278.12, less cash received $5,000 and cost of completion $564.10, total credits $5,564.10. At the hearing, plaintiff estimated the cost of completion at

$1,479.50, including the plumbing balance at $525. Readjusting by deducting the completed plumbing of $250, reduces plaintiff's estimate made at the trial to $1,229.50. This is an excess of $665.40 over the allowance made for cost of completion in his statement of lien. Other witnesses estimated the cost of completion at $1,348 and $1,918 and the court found it at $1,558.

Neither plaintiff nor O'Connor offered excuse or reason for including the plumbing balance at an excess of $275 in his statement. Nor did plaintiff attempt explanation of the discrepancy in his estimates of the cost of completion. He quit work in February and filed statement of lien in April. He had ample time in which to obtain the information to prepare an accurate statement.

If plaintiff, in bad faith, with fraudulent purpose, or knowingly and wilfully made the claim of an excessive amount due him in his statement of lien, his lien was voided thereby. If, on the other hand, he was honest in belief in the correctness of his statement and the excessive claim was the result of unintentional mistake, his lien was not destroyed. *Gibbs* v. *Hanchette, supra; Lamont* v. *LeFevre,* 96 Mich. 175; *Ypsilanti Lumber & Coal Co.* v. *Leslie,* 218 Mich. 664; *Corlett-Stone Lumber Co.* v. *Parker,* 230 Mich. 537; *Morman* v. *Ryskamp,* 235 Mich. 140, and other citations therein.

In *Gibbs* v. *Hanchette, supra,* it was said that one who makes a claim "thoughtlessly and carelessly, and without any effort to obtain the correct data," which is within his reach, does so "knowingly" and "wilfully," and loses his lien. In *Lamont* v. *LeFevre, supra,* it was said the claim is not to be held excessive merely because of failure of proof.

The cost of completion of a partly constructed building may be arrived at only by estimate. It may

be recognized that experienced contractors will differ more or less widely in figuring such cost. Harmony with estimates of others cannot fairly be made a test of good faith in a statement of lien, although a discrepancy may be great enough to indicate bad faith. But when the claimant himself, on the trial of the foreclosure action, presents an estimate of the cost of completion substantially in excess of that included in his statement of lien, it is, in the absence of satisfactory explanation, evidence of wilful misstatement or of such carelessness as amounts to it.

In the case at bar, the claim of plaintiff's bad faith was made before the testimony was taken and the record is devoid of reason for his including O'Connor's claim at an excessive amount and allowing an insufficient credit for completion in his statement.

The burden of proof of the regularity of all statutory proceedings to conserve a lien is on the claimant. *Roberts* v. *Miller,* 32 Mich. 289; 40 C. J. p. 459. The proceedings include a statement of lien which shall contain "a just and true statement or account of the demand due him, over and above all legal set-offs." 3 Comp. Laws 1915, § 14800. Where a mistake is made in the amount claimed to be due, the claimant has the burden of proving that it was unintentional and the amount was stated in good faith. *Tuttle* v. *Cadwell,* 92 N. J. Law, 26 (105 Atl. 11).

The amount due plaintiff from defendants Lisowski, as found by the circuit judge, is approved. But the plaintiff, not having sustained the burden of proof that the inclusion of an excessive amount in his statement of lien was unintentional and an honest mistake, has lost his lien on the premises. The foreclosure of the liens of the subcontractors is

affirmed. A decree should be settled in accordance with this opinion, and, motion having been made therefor, it should run also against the surety on defendants' appeal bond as to the subcontractors' claims. Defendants Lisowski should have costs against plaintiff.

NORTH, J., concurred with FEAD, C. J.

FELLOWS, J. I am not persuaded that the claim of an excessive amount in the statement of lien was fraudulently or dishonestly made; it was based on an estimate rather than on a computation. Nor am I persuaded that we should reverse the allowance of plaintiff's lien upon the theory that the burden rests on one charged with fraud to exculpate himself from the charge. The record fairly indicates that both parties regarded this question as a matter of defense. It was set up in defendants' amended answer and cross-bill. When the parties were stipulating in open court before the order of reference was made to the commissioner to take the proof, it was stipulated that certain liens be allowed and that statutory steps had been taken thereon—

" * * * subject, however, to the right of the defendants to contest the amount of the plaintiff, A. J. McLean's lien on the ground that it is filed for too large a sum and in bad faith."

From that time on the question of plaintiff's bad faith was not mentioned. He was examined and cross-examined at length; neither his attorney nor the attorney for defendants asked him a single question on the subject. It is not referred to at all in the opinion of the circuit judge. If plaintiff's claim, which so far as allowed is an honest one, is defeated, it must be upon the theory that the burden rests upon him to establish his freedom from fraud. He

must, of course, establish the regularity of the proceedings, but the question of whether he has perpetrated or attempted to perpetrate a fraud, or has been so grossly negligent in making his statement as to amount to a fraud presents a question of fact, and upon the trial of that issue, I think the burden rests on those who charge the fraud, the defendants.

The decree is affirmed, with costs.

Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred with Fellows, J.