SUPERIOR PRODUCTS COMPANY v MERUCCI BROS, INC

Docket No. 46012. Submitted February 9, 1981, at Detroit.—Decided June 16, 1981. Leave to appeal applied for.

Superior Products Company brought an action against Merucci Bros., Inc., Mt. Vernon Mobile Estates, Inc., Standard Federal Savings and Loan Association, and Land S.E.A. Corporation, to foreclose a mechanics' lien on certain property owned by Mt. Vernon. Mt. Vernon had contracted with Merucci Bros. to act as general contractor in developing the property, and Merucci Bros. subcontracted with plaintiff to supply materials for the project. Merucci Bros. filed a cross-claim seeking to foreclose a mechanics' lien against Mt. Vernon for labor and materials supplied for the development project. Standard Federal filed a cross-claim against Mt. Vernon, seeking to foreclose a mortgage on the property following Mt. Vernon's default and against defendants Vernon Fitch and Alice Fitch, individually, as guarantors of Mt. Vernon's obligations to Standard Federal. Land S.E.A. filed counter- and cross-claims against Mt. Vernon to foreclose mechanics' liens against the property for engineering services supplied for the project. Mt. Vernon filed counter-

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur 2d, Mechanics' Liens §§ 171-173, 209.

[2] 4 Am Jur 2d, Appeal and Error § 76.

Application of "clearly erroneous" test by Rule 52 (a) of Federal Rules of Civil Procedure to trial Court's findings of fact based on documentary evidence. 11 ALR Fed 212.

[3] 53 Am Jur 2d, Mechanics' Liens § 23.

[4] 53 Am Jur 2d, Mechanics' Liens § 227.

[5, 6] 53 Am Jur 2d, Mechanics' Liens §§ 432, 433.

Amount of attorneys' compensation in matters involving real estate. 58 ALR3d 201.

[7] 53 Am Jur 2d, Mechanics' Liens §§ 189, 191.

[8] 53 Am Jur 2d, Mechanics' Liens § 349.

55 Am Jur 2d, Mortgages § 553.

[9] 75 Am Jur 2d, Trial § 505 et seq.

Power of trial court to dismiss prosecution or direct acquittal on basis of prosecutor's opening statement. 75 ALR3d 649.

Dismissal, nonsuit, judgment, or direction of verdict on opening statement of counsel in civil action. 5 ALR3d 1405.

claims against Merucci Bros. and Standard Federal for damages for breach of contract. Following trial, Wayne Circuit Court, Thomas J. Brennan, J., found that plaintiff and Merucci Bros. had valid and enforceable mechanics' liens against the property, that Standard Federal had a valid mortgage lien against the property, that Mt. Vernon was liable to Standard Federal for certain sums pursuant to the mortgage note, that defendants Fitch were liable for any deficiency thereon, and that the mortgage was inferior to the mechanics' liens of plaintiff, Merucci Bros., and Land S.E.A. and granted judgment in favor of plaintiff against Merucci Bros. and Mt. Vernon, in favor of Merucci Bros. against Mt. Vernon, in favor of Standard Federal against Mt. Vernon, entered judgment of no cause of action for Mt. Vernon's counter-, cross-, and setoff claims against plaintiff, Standard Federal, and Merucci Bros., and ordered that the interests of Mt. Vernon in the property be sold, the proceeds be paid to the prevailing parties according to priority, and any insufficiency in the payment of Standard Federal's judgment should result in the entry of a judgment in favor of Standard Federal against defendants Fitch. Mt. Vernon and defendants Fitch appeal, alleging that the liens of plaintiff and Merucci Bros. were invalid because service of the claims of lien by posting was improper, that Merucci Bros.'s statement or account was deficient, that the trial court's award of attorney fees was excessive, that plaintiff's claim of lien was not timely filed and that the trial court erred in granting summary judgment in favor of Standard Federal and in limiting Mt. Vernon's and defendants Fitches' attempts to introduce certain evidence. *Held:*

1. The record reveals that conflicting evidence was presented regarding the circumstances surrounding the service of the claims of lien. No showing that the findings of fact of the trial court clearly were erroneous having been made, the court's findings that service was sufficient are affirmed.

2. Merucci Bros.'s statement or account of monies owed by Mt. Vernon contained a clerical error as to amount. The record reveals that the trial court's conclusion that the error was made in good faith and did not result in prejudice to Mt. Vernon was not clearly erroneous.

3. The record does not reveal that the trial court abused its discretion in its award of attorney fees.

4. Plaintiff's claim of lien was timely filed.

5. The trial court properly granted summary judgment in favor of Standard Federal in its foreclosure action against Mt. Vernon and in directing a verdict against Mt. Vernon relative

to its breach of contract claim against Standard Federal, as Mt. Vernon's counsel's opening statement demonstrated that no cause of action against Standard Federal existed.

6. The trial court improperly limited Mt. Vernon's attempts to introduce certain evidence, but the error was harmless in view of other evidence on record.

Affirmed.

1. MECHANICS' LIENS — SERVICE — STATEMENTS OF LIENS — STATUTES.

A statement or account of monies owed for work supplied for a construction project may be served by posting a copy of such statement or account in some conspicuous place on the work site where neither the owner nor his agent can be located within the county where the premises are located (MCL 570.4, 570.6; MSA 26.284, 26.286).

2. APPEAL — FINDINGS OF FACT.

An appellate court will set aside the findings of fact of a trial court only where the findings clearly are erroneous.

3. MECHANICS' LIENS — JUDICIAL CONSTRUCTION — STATUTES.

The mechanics' lien statute must be construed liberally because of its remedial nature so as to carry out its intended purpose of benefiting and protecting subcontractors, materialmen, and laborers (MCL 570.27; MSA 26.307).

4. MECHANICS' LIENS — STATEMENTS OF LIENS — CLERICAL ERROR.

A largely excessive statement or account of monies owed for work supplied for a construction project must be treated as insufficient; parties making claims are not permitted to include speculative items, and, since the information regarding the claim is within their reach, they are held to a great degree of accuracy; but where such a claim is made in good faith due to clerical error, the claimant's account will not deprive him of a lien.

5. MECHANICS' LIENS — ACTIONS — ATTORNEY FEES — STATUTES.

A trial court, in its discretion, may allow an award of reasonable attorney fees in favor of the prevailing party in an action to enforce a mechanics' lien (MCL 570.12; MSA 26.292).

6. MECHANICS' LIENS — ATTORNEY FEES — ACTIONS.

A trial court, in determining the amount of attorney fees to award a prevailing party in an action to enforce a mechanics' lien, should consider the complexity and difficulty of the case and the number of working hours which reasonably can be

justified and whether the defendant's refusal to pay the claimed debt was reasonable.

7. MECHANICS' LIENS — STATEMENTS OF LIENS — TIME COMPUTATIONS — STATUTES — COURT RULES.

A statement of lien under the mechanics' lien act must be recorded within 90 days from the date on which material or labor was furnished, and the limitation is to be read in conjunction with the court rule which provides the method of computing the limitation period (MCL 570.5; MSA 26.285, GCR 1963, 108.6).

8. EQUITY — FORECLOSURE ACTIONS — JURY TRIAL — STATUTES.

Foreclosure actions are equitable in nature and do not afford defendants a right to trial by jury (MCL 600.3180; MSA 27A.3180).

9. COURTS — TRIAL COURTS — DIRECTED VERDICTS — OPENING STATEMENTS.

A trial court may direct a verdict following an opening statement when counsel concedes particular facts which demonstrate that no cause of action exists.

*McInally, Brucker, Newcombe, Wilke & Debona, P.C.* (by *Richard L. Miller*), for plaintiff.

*Fiott & Navara, P.C.,* for Merucci Bros., Inc.

*Vernon M. Fitch,* for Mt. Vernon Mobile Estates, Inc., Vernon Fitch, and Alice Fitch.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Derek I. Meier*), for Standard Federal Savings and Loan Association.

*William H. Dance,* for Land S.E.A. Corporation.

Before: M. J. KELLY, P.J., and V. J. BRENNAN and T. M. BURNS, JJ.

V. J. BRENNAN, J. This litigation involves claims and cross-claims for monies owed for work and a mortgage loan on the construction of a mobile-

home park owned by defendant Mt. Vernon Mobile Estates, Inc., which, in turn, is owned and controlled by defendants Vernon and Alice Fitch. For brevity, these parties will be referred to collectively as defendants or Mt. Vernon. They appeal as of right from adverse verdicts rendered by the trial court sitting with an advisory jury. We address the issues raised on appeal *seriatim*.

Defendants first argue that the liens of both Merucci Bros. and Superior Products were invalid because of their failure to effect personal service on Mt. Vernon or its agents within the county where the mobile-home park was located. Each of the statutory provisions under which Merucci Bros. and Superior Products were obligated to follow in serving their sworn statements or accounts provide that if neither the owner nor his agent can be found within the county where the premises are located, substituted service may be made by posting. MCL 570.4; MSA 26.284 and MCL 570.6; MSA 26.286 respectively. Both Merucci Bros. and Superior Products made service by posting the sworn statements on a billboard at the mobile-home park site. The lower court found that this sufficiently complied with the statutory provisions and upheld the liens. The court indicated that it was not convinced that the Fitches' sales office was actually opened at the time service was being attempted.

At trial, Merucci Bros. and Superior Products offered testimony as to their efforts to perfect personal service. Conversely, defendants claimed that Mrs. Fitch was present at a nearby mobile-home sales office during the relevant period of time. In turn, this was controverted by other evidence. In light of this conflicting evidence, we affirm the trial court's finding.

An appellate court will set aside the findings of fact of a trial court sitting with or without an advisory jury only where such findings are "clearly erroneous". In making this determination, regard is given to the special opportunity of the trial court to judge the credibility of those witnesses who appear before it. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976), *Bergy Brothers, Inc v Zeeland Feeder Pig, Inc,* 96 Mich App 111; 292 NW2d 493 (1980). In the instant case, we are left with no firm and definite conviction that a mistake has been made. This conclusion is buttressed by the fact that the mechanics' lien statute is to be construed liberally, in light of its remedial purpose to secure the beneficial results intended. *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 400 Mich 184, 188-189; 253 NW2d 646 (1977), MCL 570.27; MSA 26.307. Therefore, the lower court's finding that service by posting was sufficient is affirmed.

Secondly, defendants contend that the Merucci Bros.' lien should be set aside because it failed to make a "just and true statement or account of the demand due him" in compliance with MCL 570.5; MSA 26.285.

It has been held that a largely excessive statement must be treated as insufficient. Parties are not permitted to include speculative items, and, since the means of information is within their reach, they are held to a great degree of accuracy. *Brennan v Miller,* 97 Mich 182; 56 NW 354 (1893). However, an excessive claim will not invalidate a lien where the amount was claimed in good faith. *Hart v Reid,* 243 Mich 175, 186-187; 219 NW 692 (1928). Thus, a clerical error in the claimant's accounts will not deprive him of his lien. *Corlett-Stone Lumber Co v Parker,* 230 Mich 537, 538-539; 203 NW 122 (1925).

Merucci Bros.' statement of account claimed that $99,214.50 was owed, even though Mt. Vernon had only been billed for $96,214.50. Angelo Merucci testified that the correct amount was the lower figure and that the mistake was the result of a mathematical error by his secretary. He stated that he only was made aware of the error when the figures were reviewed later by his attorney. He indicated that he did not intend to claim more than what was owed. The trial court admitted into evidence the secretary's worksheet, which indeed indicates that a mathematical error was made. There was no testimony or other evidence to indicate that the error was made in bad faith. The lower court concluded that the error was made in good faith and that Mt. Vernon had not been prejudiced. In light of the testimony by Merucci and the absence of any evidence to the contrary, it cannot be said that these findings clearly were erroneous. *Tuttle, supra.*

Next defendants complain that the trial court's award of attorney fees was excessive. We disagree.

MCL 570.12; MSA 26.292 provides in part:

"The court may, in its discretion, allow a reasonable attorney's fee when judgment shall be rendered in such proceeding, in favor of the parties succeeding therein."

The awarding of attorney fees is within the discretion of the trial judge, and it will be upheld absent an abuse of discretion. *Sturgis Savings & Loan Ass'n v Italian Village, Inc,* 81 Mich App 577, 584; 265 NW2d 755 (1978), *William & Works, Inc v Springfield Corp,* 76 Mich App 541, 551; 257 NW2d 160 (1977), *lv den* 402 Mich 908 (1978). Among factors that are appropriate to consider in assessing such fees are: (1) the complexity and difficulty

of the case and the number of working hours which reasonably can be justified; and (2) whether the defendant's refusal to pay the claimed debt was unreasonable. *Sturgis, supra, Bosch v Altman,* 100 Mich App 289; 298 NW2d 725 (1980).

It does not appear on this record that the trial court abused its discretion in awarding substantial attorney fees. The case was a complex one from a procedural standpoint. The court file shows that five parties were involved and that numerous motions and discovery proceedings were undertaken over the course of three and a half years. Eventually, a full trial was held. The court correctly reviewed this evidence as to reasonableness of the fees. It cannot be said here that the awards constituted an abuse of discretion.

Fourth, defendants assert error in that the lien of Superior Products was filed 92 days after the last material was supplied to the project.

The applicable statute, MCL 570.5; MSA 26.285, requires that a verified statement of account be recorded within 90 days from the last date on which material shall have been furnished. The statute does not expressly or impliedly alter the general court rule concerning the computation of limitation time.

GCR 1963, 108.6 provides:

"Computation. In computing any period of time prescribed or allowed by these rules, by order of court, *or by any applicable statute,* the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday or legal holiday." (Emphasis added.)

In the instant case, the 90th day fell on a Sunday, the following Monday was a legal holiday (Washington's Birthday), and the account was recorded on the next day, a Tuesday. Hence, defendants' contentions are without merit.

Defendants next assert that the trial court erred in granting judgment in favor of Standard Federal on its foreclosure action and defendants' cross-claim for breach of contract. Defendants contend that the court erred in these decisions and that the issues should have gone to the jury. We note first that foreclosure actions are equitable in nature, and that defendants had no right to jury trial with regard to the foreclosure action. MCL 600.3180; MSA 27A.3180. Thus, no error occurred in this regard. Further, we find no error in the trial court's grant of judgment to Standard Federal with regard to defendants' breach of contract claim following defendants' counsel's opening statement. A trial court may direct a verdict following the opening statement when counsel concedes particular facts which demonstrate that no cause of action exists. *Tyus v Booth,* 64 Mich App 88; 235 NW2d 69 (1975). In the opening statement, defendants' counsel conceded that their right to advances from Standard Federal was contingent upon the Fitches submitting signed statements. This was not complied with until after the county had placed a "stop work" order on the job site which, correspondingly, placed defendants in breach of the mortgage loan agreement and released Standard Federal from the obligation to make further advances. Thus, viewing the evidence in a light most favorable to defendants, it is clear that defendants could not establish a prima facie case of breach of contract with regard to the disbursement refusal. The trial court's directed

verdict in favor of Standard Federal was appropriate. *Wynn v Cole,* 91 Mich App 517, 524; 284 NW2d 144 (1979).

Lastly, we conclude that although the trial court improperly limited the defendants' attempts to introduce testimony regarding the nature of the contract with Nick Merucci & Son the error was harmless. The evidence does not support defendants' contentions that completion of the contract would have been timely but for the fault of Merucci Bros.

In summary, we find none of the errors asserted by defendants, individually or collectively, warrant reversal. The decisions of the trial court are affirmed.