MARQUETTE LUMBER CO. v. ALBEE.

1. Mechanics' Liens—Waiver—Evidence—Sufficiency.
   In a suit to enforce a lien for lumber sold by plaintiff to certain contractors for a building on defendant's premises, where defendant made payments to the contractors without demanding the sworn statements required by the statute, evidence held, sufficient to sustain a finding that plaintiff had not waived its lien.

2. Same—Waiver—Evidence—Burden of Proof.
   In a suit to enforce a materialman's lien, the burden of

proof as to a waiver of the lien, is upon the owner of the premises.

3. SAME—WAIVER—STATUTE—CONSTRUCTION.

Before one entitled to a lien under the statute should be declared to have waived it, it ought to clearly and unequivocally appear that he has expressly waived it in compliance with 3 Comp. Laws, § 10734 (5 How. Stat. [2d Ed.] § 13790, 3 Comp. Laws 1915, § 14820), providing that the taking of security for the debt other than the real estate shall not defeat or waive a lien under the act in the absence of express agreement that such taking of other security shall be a waiver.

4. EQUITY—REHEARINGS—CUMULATIVE TESTIMONY—DISCRETION OF COURT.

It is not an abuse of discretion to refuse a rehearing in an equity suit where the testimony offered is merely cumulative.

Appeal from Kent; Perkins, J. Submitted October 9, 1916. (Docket No. 85.) Decided May 31, 1917.

Bill by the Marquette Lumber Company against A. Le Grand Albee and others to enforce a mechanic's lien. From a decree for plaintiff, defendants appeal. Affirmed.

*Clapperton, Owen & Hatten,* for appellants.

*Hatch, McAllister & Raymond,* for appellee.

BIRD, J. The plaintiff, a retail lumber dealer in the city of Grand Rapids, filed its bill to enforce a lien for lumber sold by it to defendants Van Dyke & Son, contractors, to erect a house for defendant A. Le Grand Albee and his wife, Helen, on a lot owned by his father and mother, Arthur N. Albee and Belle Albee, by the entireties. The chancellor decreed the foreclosure of the lien on the house, under the authority of 3 Comp. Laws, § 10712 (3 Comp. Laws 1915, § 14798), and defendants have appealed.

1. That plaintiff furnished the lumber and per-

fected its lien within the time allowed by law is not questioned. The defense made was that plaintiff had waived its lien. It is claimed that, while the house was being built, the contractor, Van Dyke, came to the elder Albee and wanted $750 to apply on the contract. Albee had already made two payments of $500 each on the contract, and was in some doubt as to what might be owing for lumber. At the suggestion of the contractor he went to the telephone and called Mr. Wood, who represented plaintiff as secretary and treasurer, and stated to him that Van Dyke desired $750 on account, and inquired of him what he should do about it, and that Mr. Wood answered:

"That is all right; you give him a check; he is perfectly good to us, and we will take care of him all right."

It is further claimed that Mr. Wood later came to the house before it was finished, and while there confirmed his conversation over the telephone, and added:

"That it was all right to pay him, because he had an open account with him, and he was perfectly good to them."

Mr. Wood denied having these conversations with the elder Albee. The claimed waiver, therefore, became a question of veracity between Mr. Wood and Mr. Albee. There were some incidents and some testimony corroborating the testimony of each of these parties. We do not think it is necessary to go into them in detail. We have examined with care the evidence bearing on this question of fact, and after doing so we are unable to persuade ourselves that the decree made by the trial court should be reversed. The plaintiff furnished the lumber and perfected its lien in accordance with the statute. The defendants did not protect themselves by demanding the statement which the law places within their reach before being obligated

196—Mich.—9.

to make payment. They made two payments, aggregating $1,000, without even making inquiry if he were owing for labor and materials. When the contractor requested the third payment, defendants did not then demand the statutory sworn statement to which they were entitled. The burden of proof upon the question of waiver was upon the defendants, and we think they have failed to discharge it. Before one entitled to a lien under the statute should be declared to have waived it, it ought to clearly and unequivocally appear that he has expressly waived it in compliance with the following statutory provision:

"No lien provided for in this act shall be defeated or waived by the taking by the lien claimant, from any person, of any security for such debt other than upon the real estate itself, in the absence of express agreement that the taking of such security shall be a waiver of the lien." 3 Comp Laws, § 10734 (3 Comp. Laws 1915, § 14820).

2. The trial court was asked to grant a rehearing. The application was based upon affidavits of other parties for whom Van Dyke & Son had erected houses, to the effect that, upon inquiry by them of Mr. Wood whether they should make payment to Van Dyke & Son, Mr. Wood had made substantially the same answer as it is claimed he made to Mr. Albee. The proffered testimony was in the nature of cumulative testimony, and the chancellor did not abuse his discretion by refusing a rehearing.

The decree will be affirmed, with costs of this court to plaintiff.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.