## WEBER *v.* FORD MOTOR CO.

1. APPEAL AND ERROR—JUDGMENT SUPPORTED BY FINDINGS AND EVIDENCE SHOULD BE AFFIRMED.

    If findings of the trial judge supported by evidence support the judgment and are not against the clear weight of the evidence, the judgment should be affirmed, on review, notwithstanding there are other findings without any evidential support.

2. ESTOPPEL—AVAILABLE IN EJECTMENT.

    The defense of estoppel is available in an action of ejectment.

3. DEEDS—CONDITION SUBSEQUENT—FORFEITURE—WAIVER—ESTOPPEL.

    A condition subsequent in a deed may be waived by acts as well as by express release, so that, if the grantor permits the property to be used in violation of the condition, and especially if he stands by and allows valuable improvements to be made thereon, he will not be allowed to insist upon a forfeiture.

4. SAME—BREACH OF CONDITION SUBSEQUENT—EJECTMENT BROUGHT BEFORE NOTICE OF FORFEITURE PREMATURELY BROUGHT.

    Where a deed did not expressly reserve to grantor the right of re-entry for breach of condition subsequent, ejectment, brought without notice or claim of forfeiture, and without re-entry or notice or claim of right of re-entry, was prematurely brought.

Error to Wayne; Smith (Guy E.), J., presiding. Submitted October 5, 1928. (Docket No. 99, Calendar No. 34,004.) Decided December 4, 1928. Rehearing denied March 29, 1929.

Ejectment by Joseph F. Weber against the Ford Motor Company. Judgment for defendant. Plaintiff brings error. Affirmed.

*Earl I. Heenan* and *MacKay, Wiley, Streeter, Smith & Tucker,* for appellant.

*Clifford B. Longley* and *Wallace R. Middleton,* for appellee.

In the fore part of 1907, the defendant was looking for some property on which to erect its Highland Park plant. The Stevens Land Company had a piece of property which would meet its requirements; to make it available for connection with the Detroit Terminal Railroad Company (a belt line) required 10 lots of a subdivision owned by plaintiff, which at that time had not found a ready market. Plaintiff was approached and the desirability to him and his property of having the Ford plant there located was pointed out. He was impressed, and for a consideration of $1,500 deeded the lots to the Stevens company on March 25, 1907; the deed contained the following recitals—

"for the purposes of a railroad right of way and for no other purpose, * * * And the parties of the first part hereby reserve for themselves, their heirs, executors, administrators or assigns the right at their own separate cost and expense, to connect any spur or side tracks that may be laid upon land now owned by them adjacent to the premises hereby conveyed, with any railroad track that may hereafter be constructed or operated upon the premises hereby conveyed."

On April 4th, following, the Stevens Land Company conveyed the premises to the Terminal company, subject to the conditions of plaintiff's deed. Defendant's plant was built on the Stevens property, and the Terminal company connected it with its system by four tracks over the lots in question. The defendant has built loading docks, sheds, and other plant facilities on the premises in question and a small portion of one of its main buildings is also on one of the lots. In 1917 the Terminal company moved its main tracks further north, and three of the tracks above referred to were moved to the new locations; connection by the Terminal line with the Ford plant was, however, continued. In 1920, the Terminal company quitclaimed the lots in question and other lands to defendant. The findings disclose that four of the lots are still occupied by tracks, and it is to be inferred that the other six are not. It would appear that in 1922 plaintiff wrote both the Terminal company and defendant about connecting a siding with the tracks of defendant's plant. The letters do not appear in the record; the replies do. The Terminal company referred plaintiff to defendant, and defendant, while saying it did not see its way clear to grant the request, suggested that plaintiff come in and talk it over. Nothing further was done. Plaintiff's remaining property was being used as a golf club, and what use he had for a side track does not appear. Without giving notice of forfeiture or demanding compliance with the conditions of the deed, this action of ejectment was brought; it was tried by the court without a jury. The trial judge found as requested by defendant, both as to the facts and the law.

FELLOWS, J. (*after stating the facts*). We have concluded that the judgment should be affirmed for

two reasons, which we shall presently state, but our duty requires us to consider the reasons urged by plaintiff for reversal, and to state why such reasons do not require or justify a reversal. Before taking up the two reasons referred to, we shall consider the other questions discussed.

1. The trial judge signed defendant's proposed findings of fact and conclusions of law. He refused to find as requested by plaintiff's counsel on any of the facts, and likewise refused all his requests for conclusions of law. He also refused to amend any of defendant's findings or conclusions. Plaintiff's counsel are justified in part at least in their criticism of this course; a few of the findings are without any evidential support, some of the conclusions of law would have been more appropriate under the findings of fact and *vice versa*. But if such findings as have evidential support do support the judgment and are not against the clear weight of the evidence, the judgment should be affirmed. Plaintiff's counsel most seriously criticize the refusal of the court to find that the consideration of the deed from plaintiff to the Terminal company was nominal. From plaintiff's viewpoint, this was an important fact. Numerous cases hold that conditions are not favored in the law, and numerous other cases hold that in case of voluntary conveyances, where the condition furnishes the only consideration, the courts will not hesitate about enforcing conditions or in finding that a conditional estate exists. Plaintiff testified that the consideration was nominal, and no one testified to the contrary. There was no testimony that the value of the 10 lots was more or less than the $1,500 named in the deed. Possibly the trial judge was justified in refusing to find as requested on this subject on the ground that the witness' testimony was a conclusion rather than a statement of fact. But,

as we shall presently see, the result would have been the same had plaintiff's requested finding been signed.

. Much space is taken in both briefs in the consideration of the question of whether the language used in the instrument before us created a conditional fee, a base fee, a determinable fee—a condition subsequent. In three of our own cases (*Hickox* v. *Railway Co.,* 78 Mich. 615; *Epworth Assembly* v. *Railway,* 236 Mich. 565; *County of Oakland* v. *Mack,* 243 Mich. 279), this court has held that a conditional fee was created with the right or possibility of reverter. In two of these cases the conveyances were voluntary, without consideration other than the performance of the condition, and in all of them the right of re-entry for breach of condition was expressly reserved. Numerous cases are called to our attention holding that in the absence of language in the instrument giving the right of re-entry, that the remedy at law is for breach of covenant; that the language is to be treated as establishing a covenant rather than a condition subsequent. Numerous cases to the contrary are also cited. We need not decide the question. For the purposes of this case only, we may assume that plaintiff's contention is correct, *i. e.,* that the language used created a condition subsequent.

2. The trial judge found facts justifying the application of the doctrine of estoppel if such doctrine is available as a defense in an action of ejectment, and held as matter of law, that it was available in such action. The record does not clearly show the dates when all the improvements were made on the premises, but we are persuaded that it does justify the finding that such improvements were made over a long period of years, from 1917 on. One witness testified that the classification yard was built before 1917, and that other extensions have been made

since. The proofs show that sheds, loading docks, paving, an oil reservoir, oil distributing system, and other plant facilities have been erected by defendant, some of them on the land in question and others so connected with it that all of such improvements would be of little value if plaintiff recovered the lots here involved; a corner of one of the main buildings erected many years ago rests on a portion of one of the lots. The finding that plaintiff knew or should have known that money was being expended and the improvements were being made by defendant, and that for many years he made no protest and asserted no rights is sustained by the testimony. The rule is thus stated in 3 Thompson on Real Property, § 2053:

"A condition may be waived by acts as well as by express release. If the grantor permits the property to be used in violation of the condition, and especially if he stands by and allows valuable improvements to be made thereon, he will not be allowed to insist upon a forfeiture, and thus acquire the improvements made upon the strength of his acquiescence."

And see *Barrie* v. *Smith,* 47 Mich. 130.

Early cases tend to sustain plaintiff's contention that the defense of estoppel is not available in an action of ejectment. But the recent case of *Sliwinski* v. *Gootstein,* 234 Mich. 74, definitely commits this court to the contrary rule. This case followed and was sustained by *Treat* v. *Railway,* 157 Mich. 320 (133 Am. St. Rep. 347).

3. This brings us to the final reason urged against the right of plaintiff to maintain this action. We have noted that the deed did not by express terms reserve to the grantor the right of re-entry for breach of condition; there had been no notice or claim of forfeiture served on defendant; there had

been no re-entry nor had there been any notice or claim of right of re-entry served. In the *Treat Case* there was reserved the right of re-entry for breach of condition, but the court held (we quote the syllabus):

"Real property conveyed subject to a condition subsequent, whereby title shall revest upon failure to perform the condition, may not be regained by ejectment proceedings without a notice of the particular cause of forfeiture, and of the intention to claim the right, and a reasonable length of time in which to comply."

We quote with approval from *Memphis, etc., R. Co.* v. *Neighbors,* 51 Miss. 412, 417. It was there said:

"Subsequent conditions are those which operate upon an estate already vested, and render it liable to be defeated. Under the modern system of conveyancing, the estate of freehold passes to the grantee as completely as by the deed, as by the ancient formula of livery of seizin, and remains in him, when subject to defeasance, until resumed by the grantor or his heirs for condition broken. The mere nonperformance of the condition does not defeat the estate. It is in the election of him who has a right to its enforcement, to insist upon a forfeiture or raise it. Notwithstanding the breach, the estate abides in the grantee until it is put an end to by entry, or some act by the grantor which is equivalent to it. Until that is done, it loses none of its original qualities or incidents."

The judgment will be affirmed for two reasons: (1) That plaintiff is now estopped from asserting a breach of condition subsequent, and (2) that the suit is prematurely brought.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.