OSMALOWSKI v. DEYMAN.

1. APPEAL AND ERROR—WEIGHT OF EVIDENCE—NEW TRIAL.
   Where, in case tried before court without jury, there was evidence to support court's findings, and they are not against clear weight of evidence, judgment should be affirmed.

2. MOTOR VEHICLES—WEIGHT OF EVIDENCE.
   Where, in action for damages caused to plaintiff's automobile by collision with defendant's truck, the testimony as to how the accident happened was conflicting, but there was evidence in support of court's findings in favor of plaintiff, Supreme Court cannot say, as matter of law, that said findings are against the clear weight of the evidence.

3. DAMAGES—EXCESSIVE VERDICT—MOTOR VEHICLES.
   Where $650 was paid for automobile six weeks before it was rendered a complete wreck by accident due to defendant's negligence, allowance of $625 damages is not so excessive as to require interference by Supreme Court.

Error to Muskegon; Vanderwerp (John), J. Submitted January 8, 1930. (Docket No. 55, Calendar No. 34,596.) Decided March 6, 1930.

Case by Paul Osmalowski against Barney F. Deyman for personal injuries received in automobile collision. From a judgment for plaintiff, defendant brings error. Affirmed.

*Howard L. Campbell,* for plaintiff.

*William J. Balgooyen,* for defendant.

SHARPE, J. On January 4, 1928, while the plaintiff was driving an automobile owned by him along trunk line highway U. S. 31, about 7 miles south of

Manistee, it collided with a truck belonging to the defendant and driven by his employee, Chris McIntyre. Plaintiff and a man in the car with him both testified that they saw a snow plow approaching; that, as it passed through a drift, much loose snow was thrown about; that plaintiff's car was moving slowly, and stopped when near this plow; that it was then off the pavement to the right, and that defendant's truck came around the side of the plow and crashed into it.

The defendant's witnesses testified that the truck was being driven in the path of the snowplow, and directly in line with it; that it had stopped, and that plaintiff's car ran into it, causing the collision.

The case was tried before the court without a jury. He found the facts to be as claimed by plaintiff, and entered judgment for the damage done to the car, which he found to be $625. Defendant seeks review by writ of error.

There was evidence to support the findings of the court, and, if they "are not against the clear weight of the evidence, the judgment should be affirmed." *Weber* v. *Ford Motor Co.,* 245 Mich. 213, 216. We have read the record with care. We find nothing in it to challenge the truthfulness of any of the witnesses who testified. The trial judge saw them on the stand, and had an opportunity, not afforded us, to judge impartially, in view of the conditions present at the time of the collision. While the discussion of the testimony by defendant's attorney is appealing, it fails to convince us that we should say as a matter of law that the findings are "against the clear weight of the evidence."

The testimony discloses that plaintiff had purchased his car six weeks before the collision and paid $650 for it; that it was "in good repair, and in

good running order;" that, as a result of the collision, "it was a complete wreck," and was given to a junk dealer. His damages were assessed by the trial court at $625. This allowance was not so excessive as to warrant interference on the part of this court.

The judgment is affirmed.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.