KETCHESON v. SPRAGG.

1. CONTRACTS—BURDEN OF PROOF.
    Grandmother claiming to have been induced to sell lot and accept therefor less than its value by promise of grandchildren to provide her with home for life has burden of establishing alleged agreement by preponderance of evidence.

2. APPEAL AND ERROR—FINDING OF TRIAL JUDGE ACCEPTED UNLESS DISCLOSED CIRCUMSTANCES LEAD TO DIFFERENT CONCLUSION.
    Supreme Court accepts trial judge's weighing of testimony on disputed question of fact unless aid from disclosed circumstances in record leads to different conclusion.

3. ACCOUNTING—EXCESS ABOVE MARKET VALUE.
    In absence of agreement of lot owners to pool their interest and apportion excess received above real value, owner of lot facing on residence street, who received market value therefor when sold with another lot facing on business street, is not entitled to accounting, although owners of business lot received more than market value by reason of fact that, when sold in connection with residence lot, purchaser was enabled to erect business places facing on business street.

Appeal from Wayne; Shepherd (Frank), J., presiding. Submitted April 15, 1930. (Docket No. 104, Calendar No. 34,942.) Decided June 2, 1930.

Bill by Catherine Ketcheson against Delbert Spragg and Blanche Spragg for an accounting. From a decree dismissing bill, plaintiff appeals. Affirmed.

*Guy W. Moore* and *Hal P. Wilson,* for plaintiff.

*Walter Schweikart (Frank W. Atkinson,* of counsel), for defendants.

WIEST, C. J.    Plaintiff is defendants' grandmother. Defendants owned a lot in the city of Detroit, located at the corner of Joseph Campau avenue and East Grand boulevard, with a frontage of 30 feet on the boulevard and 167 feet on Joseph Campau. Joseph Campau is a business street and the boulevard is not. The adjoining and inside lot, fronting 30 feet on the boulevard, was owned by plaintiff. The two lots were wanted by a party and were sold to him for $86,100, of which plaintiff received $15,600.

Plaintiff claims that the amount she received was less than the value of her lot, and she was induced to accept it by reason of the promise of defendants to provide her with a home for life, and, upon their failure to do so, she filed the bill herein to have defendants account for the real value received by them for her lot in connection with the sale of their lot, less the $15,600 she has received and reasonable pay for the care and support furnished her.

The circuit judge was unable to find the alleged agreement for support, and dismissed the bill. The case is here by plaintiff's appeal, and presents questions of fact.

Plaintiff had the burden of establishing the alleged agreement by a preponderance of the evidence. Numerically, two witnesses affirmed, and

two denied, the agreement. The printed page of the testimony presents no view of witnesses or knowledge of the manner of their giving testimony, and, unless we can obtain aid from disclosed circumstances, leading us to a different conclusion, we accept the weighing of the trial judge. The disclosed circumstances lend no assistance to plaintiff. The fact that she lived with defendants after the sale is of no significance, because she lived with them for many years before the sale. Plaintiff received the market value of her lot, considered apart from use in connection with defendants' lot, and defendants probably received more than the market value of their lot by reason of the fact that with the two lots the purchaser is enabled to erect business places facing Joseph Campau avenue. This fact, however, in the absence of an agreement between the lot owners to pool their interest and apportion the excess received above real value, gives no right to plaintiff to have an account decreed and participation ordered in the sum received by defendants for their lot.

The decree in the circuit is affirmed, with costs to defendants.

BUTZEL, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.