FOSTER *v.* FARMERS' MUTUAL FIRE INSURANCE CO. OF CALHOUN COUNTY.

1. INSURANCE—DEFAULT—FAILURE OF INSURED TO GIVE NOTICE OF CHANGE OF ADDRESS NOT FATAL WHERE NOT REQUIRED.

Where, in action on fire insurance policy, insurer claimed that policy was void for nonpayment of assessment, and insured claimed that they had not received notice of said assessment until after loss occurred, their failure to notify insurer of change of address is not conclusive of their right to recover, in absence of requirement in either policy or insurer's by-laws that such notice be given.

2. APPEAL AND ERROR—DIRECTED VERDICT—FINDINGS OF FACT CONCLUSIVE UNLESS CONTRARY TO WEIGHT OF TESTIMONY.

In reviewing judgment on directed verdict, as to determination of questions of fact and issues of law, record must be

---

Mode of proving mailing of notice of maturity of premium or assessment of insurance policy, see annotation in 7 L. R. A. (N. S.) 238.

considered by Supreme Court in same manner as though there had been trial without jury, so that findings of fact unless contrary to clear weight of testimony must be followed.

3. INSURANCE—DEFAULT—EVIDENCE—FINDINGS SUSTAINED BY RECORD.

In action on fire insurance policy, finding of fact by trial court that insurer had failed to prove that it had complied with provisions of policy and by-laws requiring it to give insured notice of assessment so as to create forfeiture or cancellation of policy for nonpayment, *held*, sustained by record.

4. APPEAL AND ERROR—EVIDENCE—EXCLUSION OF TESTIMONY NOT CONTROLLING NOT REVERSIBLE ERROR.

In action on fire insurance policy, where sole defense was that policy had lapsed because of insured's default in paying assessment, exclusion of testimony relative to insured's previous defaults did not constitute reversible error, in view of insurer's failure to prove default relied on, entitling insured to directed verdict.

Error to Calhoun; Hatch (Blaine W.), J. Submitted June 17, 1930. (Docket No. 98, Calendar No. 34,990.) Decided October 3, 1930.

Assumpsit by J. B. Foster and another against Farmers' Mutual Fire Insurance Company of Calhoun County, a Michigan corporation, on a fire insurance policy. From directed verdict and judgment for plaintiffs, defendant brings error. Affirmed.

*N. A. Cobb,* for plaintiffs.

*L. W. Schroeder* (*Kinnane & Leibrand,* of counsel), for defendant.

NORTH, J. On July 17, 1929, plaintiffs suffered a fire loss amounting to substantially $3,500. For some years they had carried insurance on this and

other property in the defendant Farmers' Mutual Fire Insurance Company. Liability was denied by defendant on the ground that plaintiffs' insurance had lapsed because of nonpayment of an assessment within 30 days after notice. The application by plaintiffs, which is made a part of the contract for insurance, contained the provision that the insured:

"Will pay his just and equitable assessments within thirty days from the date of notice, and in default of same will forfeit all protection, and will submit to the cancellation of this policy without further notice on the part of the company."

Defendant claims it mailed on May 15, 1929, notice of assessments against this policy and five other policies carried by plaintiffs in defendant company. Plaintiffs denied receipt of such notice. Defendant's proof was that of preparing and mailing in the usual course its notice of assessment to all its members, including plaintiffs. Some months before the fire plaintiffs had moved from Battle Creek township to the city of Battle Creek, and later changed their place of residence in the city; but they had left mail-forwarding orders at the post office. Plaintiffs' failure to notify defendant of their change of address is not conclusive of their right to recover. Neither plaintiffs' policy nor defendant's by-laws required the insured to give such notice. A later notice was mailed to plaintiffs by defendant as follows:

"2nd Notice.      Marshall, Mich., June 21, 1929.
"Mr. J. B. & Eliza J. Foster, your 1929 assessment of $43.00 on policy No. 4629–5182–5687–1850–5761–4627 does not appear to have been paid. If you have a receipt kindly write us to whom you paid and when, if not, please pay at once as your policy is void until said assessment is paid."

Plaintiffs' undisputed testimony was that the second notice was not received until some time in August, 1929, and after the fire occurred. At the close of the proofs defendant moved the court to direct a verdict of no cause for action, and plaintiffs asked that they have a directed verdict for the amount of the loss, which was not disputed. After hearing counsel, the circuit judge granted plaintiffs' motion and denied defendant's. As to the determination of questions of fact and issues of law, this record must be considered by us in the same manner as though there had been a trial of the case by the court without a jury. The findings of fact unless contrary to the clear weight of the testimony must be followed. *Osmalowski* v. *Deyman,* 249 Mich. 586. Incident to directing the verdict for plaintiffs, the court charged the jury as follows:

"I further find that the burden of establishing that notice of said assessment was given to the plaintiffs in accordance with the policy and by-laws is upon the defendant company, and while I do not think, under the laws of this State under such a provision as is contained in their by-laws and policy that it is necessary for defendants to show delivery, I do find as a fact—and I think it is a question of fact in this matter no matter if it is submitted as a question of law—that the defendant company has failed to establish by a preponderance of the evidence that they have complied with said provisions of the policy and by-laws so as to create forfeiture or cancellation of plaintiffs' policy."

The record is ample to sustain the court's finding of fact that the defendant failed to prove it had "complied with said provisions of the policy and by-laws so as to create forfeiture or cancellation of plaintiffs' policy." On defendant's motion for a

new trial, the circuit judge made the following specific finding:

"That the defendant has failed to show by a preponderance of the evidence as a matter of fact that the notice of assessment was forwarded to the plaintiffs as required by the said charter and by-laws, in that the testimony of the plaintiffs is to the effect that they never received said notice and the evidence of defendants does not show conclusively that the notice was ever mailed, * * *." Citing *Miner* v. *Mutual Fire Ins. Co.,* 153 Mich. 594.

Under this finding there could be no forfeiture by reason of nonpayment of the assessment; and plaintiffs are entitled to recover.

We need not consider the regularity or validity of the assessment or the question of waiver by defendant, upon each of which plaintiffs also rely in support of their right to recover. Exclusion of testimony offered by defendant relative to plaintiffs' previous defaults in paying assessments becomes unimportant in view of the controlling issue noted, at least it did not constitute reversible error. The judgment entered on the directed verdict is affirmed, with costs to the appellees.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.