POSTAL TELEGRAPH CABLE CO. *v.* CARPENTER.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—WORKMEN'S COMPENSA-
TION ACT—WEIGHT OF EVIDENCE.

In action by employer to recover money paid under workmen's
compensation act to employee claimed to have been injured
through defendant's negligence, finding of trial court that
employee was guilty of contributory negligence, precluding
recovery, *held,* not against clear weight of evidence.

Appeal from Kent; Perkins (Willis B.), J. Submitted April 12, 1932. (Docket No. 84, Calendar No. 36,420.) Decided June 6, 1932.

Case by Postal Telegraph Cable Company, a corporation, against Edgar P. Carpenter to recover money paid under workmen's compensation act to employee claimed to have been injured through defendant's negligence. Judgment for defendant. Plaintiff appeals. Affirmed.

*Knappen, Uhl, Bryant & Snow,* for plaintiff.

*Dunham, Taylor & Allaben,* for defendant.

BUTZEL, J. Postal Telegraph Cable Company brought suit against Edgar P. Carpenter, defendant, to recover the amount of workmen's compensation, medical and hospital expenses it paid to and on behalf of Joe Carowitz, a 16-year old messenger boy, on account of injuries he sustained through being struck while on his bicycle by an automobile owned and driven by defendant. The accident occurred on July 13, 1928, on Front street near Shaw-

mut avenue, in the city of Grand Rapids. The boy left plaintiff's office on the north side of Pearl street in order to deliver a message. He rode along Pearl street in a westerly direction and crossed the railroad tracks. Pearl street comes to an end at Front street, which runs north and south. In order to proceed in a westerly direction from Pearl street, it is necessary to turn south on Front street but a short distance, and then proceed along Shawmut avenue, which begins at Pearl street. The south line of Pearl street, if extended westerly and straight across Front street, would run into the north line of Shawmut avenue. There is a direct conflict in the testimony as to which side of Front street the boy was on when struck by defendant's automobile. According to the boy's testimony, the wheel of his bicycle began to wobble just after he crossed the railroad tracks, and, when he had partly crossed Front street, it shook to such an extent that he looked down. He held the bars with one hand, with which he also held an orange he was eating. He was riding 13 or 14 feet from the curb line on the northwest corner of Shawmut avenue and Front street. He was looking down and not ahead of him when defendant's car coming in an easterly direction drove into him. The car was not being driven at a rapid rate of speed and came to an immediate stop. The boy did not see the car until immediately prior to the accident. Had he driven with care and looked up instead of towards the ground, or if, while looking down, he had remained closer to the curb, he would have avoided the accident. See *Smith* v. *Ormiston,* 242 Mich. 600, 602. The trial court held that defendant was guilty of negligence, but also that the boy was guilty of contributory negligence. As the findings of the court are not against the clear

weight of the evidence, the judgment in favor of defendant will not be disturbed. *Fendt* v. *Tarabusi,* 246 Mich. 538; *Osmalowski* v. *Deyman,* 249 Mich. 586; *Ketcheson* v. *Spragg,* 250 Mich. 662; *Rice* v. *Katz,* 255 Mich. 1.

Judgment affirmed, with costs to defendant.

Clark, C. J., and McDonald, Potter, Sharpe, North, Fead, and Wiest, JJ., concurred.