SZYSZKOSKI v CITY OF LANSING

1. STATUTES—SPECIFIC STATUTES—GENERAL STATUTES—INCONSISTENCY.

   The application of a specific statute as opposed to a general one requires that a conflict or inconsistency exist between the statutes.

2. ZONING—REGULATIONS—MUNICIPAL CORPORATIONS—CITY COUNCIL APPROVAL—PLANNING BOARD APPROVAL.

   Approval of a rezoning plan by a city council without the prior approval of the city planning board was proper, although a specific ordinance provides for approval by the planning board before a plan may be submitted to the council, where a general zoning ordinance gives the city council authority to pass a zoning regulation without approval of the planning board and where there is no conflict or inconsistency between the two ordinances.

Appeal from Ingham, Ray C. Hotchkiss, J. Submitted June 23, 1975, at Lansing. (Docket No. 23854.) Decided August 28, 1975.

Complaint by Stefan Szyszkoski, Michael Schewe, and others against the City of Lansing attacking a zoning ordinance and seeking an injunction to prevent implementation of the ordinance. William J. Warner intervened as a defendant. Judgment for plaintiffs. Intervening defendant appeals. Reversed and remanded for further proceedings.

*Anderson, Carr, Street & Hornbach,* for plaintiffs.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 73 Am Jur 2d, Statutes §§ 44–46.

*Farhat, Burns & Story, P. C.,* for intervening defendant.

Before: QUINN, P. J., and T. M. BURNS and ALLEN, JJ.

QUINN, P. J. Intervening defendant, hereinafter defendant, appeals from the April 14, 1975 opinion and order of the trial court which held zoning amendment Z-20-73 of the City of Lansing null and void and permanently enjoined its implementation. Defendant city did not participate in the appeal, although originally it was the only defendant in the action. Plaintiffs are residents of the Miller-Marscott area of the city and were among those founding the Miller-Marscott Advisory Committee, hereinafter committee, on·January 8, 1973. The committee was formed to promote "an overall development plan for the entire neighborhood" and to oppose "rezoning on a piecemeal basis by developers".

April 9, 1973, defendant petitioned the planning board of the city for the rezoning of his eight-acre parcel from one-family residential to community unit plan. The latter permits higher density concentration and is more profitable to the developer. Defendant's petition proposed 94 units on the eight acres.

Working together, the committee and the planning board drafted a document known as the Miller-Marscott Master Plan. This was adopted by the city council December 10, 1973 as an amendment to the city master plan. On the same date, after a public hearing, the planning board recommended that the council reject defendant's petition because it was not in accord with the master plan which set a maximum of 70 units for the area involved. After a hearing, the council in effect

rejected the petition by returning it to the planning board.

Defendant revised his petition by proposing 88 units. After a hearing September 3, 1974, the planning board again recommended rejection, and the council rejected the revised plan November 4, 1974.

November 12, 1974, the council reconsidered the revised petition of defendant and voted approval of 80 units. This action was vetoed by the mayor, but the veto was overridden by the council.

January 28, 1975, plaintiffs filed the present action in the form of a six-count complaint, five of the counts setting forth separate theories of attack on the approval of Z-20-73 by the council. The trial judge found for plaintiffs on the theory advanced in count 2; namely, approval by the council without prior approval by the planning board was contrary to the ordinance and was of no effect. Having thus disposed of the action, the trial court never reached the other four issues, nor do we, *John Deere Co v Wonderland Realty Corp,* 38 Mich App 88; 195 NW2d 871 (1972).

In reaching his decision, the trial judge relied on the following language of § 36-7 of the ordinance entitled Community Unit Plan:

"If the board approves the plans, they, together with the recommendation of the board shall then be submitted to the city council for consideration and approval."

He further found that §§ 36-5.1 and 36-15, which give the council authority to pass a zoning regulation without planning board approval by a three-fourths vote of all members of the council were inapplicable. He reasoned that these sections were part of a general ordinance, and since § 36-7 was part of a specific ordinance, it controlled.

The application of a specific statute as opposed to a general one requires that a conflict or inconsistency exist between the statutes, *Messer v Averill,* 28 Mich App 62; 183 NW2d 802 (1970). Section 36-7 says nothing about action·by the council if the planning board disapproves the plan. Hence, we find § 36-15 applicable and controlling. The council vote was 7-1, which met·the three-fourths requirement of § 36-15 and sustained the approval of the 80 unit plan.

Reversed and remanded for consideration of the issues presented by counts 1, 3, 4 and 5 of the complaint. Defendant may recover his costs.