STURGIS SAVINGS AND LOAN ASS'N v ITALIAN VILLAGE, INC.

1. MECHANICS' LIENS—WAIVER—BURDEN OF PROOF—EVIDENCE.

> The burden of proof is on the owner of the property to show a valid waiver of a mechanic's lien, and to be effective the waiver document should clearly and unequivocally show an express waiver.

2. CONTRACTS—AMBIGUOUS TERMS—CONSTRUCTION AGAINST PREPARER —PAROL EVIDENCE—INTENT OF PARTIES.

> Ambiguous terms, especially in a printed form contract, are to be strictly construed against the preparer of the contract; a trial court does not err in allowing parol evidence, where there is ambiguity in a contract, to show the intent of the parties.

3. APPEAL AND ERROR—NONJURY CASE—FINDINGS OF FACT—COURT RULES.

> Findings of fact by a trial court cannot be set aside unless they are clearly erroneous; this is especially true where the testimony at trial was in sharp conflict and the judge had the advantage of seeing and hearing the witnesses (GCR 1963, 517.1).

4. APPEAL AND ERROR—PROPERTY OWNERSHIP—MECHANICS' LIENS— WAIVER—BURDEN OF PROOF—FINDINGS OF FACT—CLEAR ERROR RULE.

> A finding that a plaintiff property owner had not met his burden

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur 2d, Mechanics' Lien §§ 290, 291, 397.

[2] 17 Am Jur 2d, Contracts §§ 22, 77, 78, 241, 247–275.
 Ambiguity: comment note on the parol evidence rule and admissibility of extrinsic evidence to establish or clarify ambiguity in written contract. 40 ALR3d 1384.

[3] 4 Am Jur 2d, Appeal and Error §§ 17–19, 839–845.

[4, 5] 5 Am Jur 2d, Appeal and Error §§ 822, 839–845.

[5] 81 Am Jur 2d, Witnesses §§ 105–110, 658, 660–666.

[6] 81 Am Jur 2d, Witnesses §§ 75, 76.
 29 Am Jur 2d, Evidence §§ 356, 603, 654, 714.

[7] 5 Am Jur 2d, Appeal and Error §§ 800, 801, 803, 805.

[8] 5 Am Jur 2d, Appeal and Error § 727.

[9] 53 Am Jur 2d, Mechanics' Liens §§ 432, 433.
 Attorneys' fees: amount of compensation for services in absence of contract or statute fixing amount. 56 ALR2d 114.

of showing that the waiver of a mechanic's lien was clear and unequivocal as to liens for work to be done in the future will not be upset by the Court of Appeals where, after reviewing all the evidence, the appellate court cannot say that the finding of the trial court was clearly erroneous.

5. Evidence—Witnesses—Conflicting Testimony—Resolution of Conflicting Testimony—Clear Error Rule.

The resolution of conflicting testimony is best done by a trial judge and although he is not bound to accept as true the testimony of interested witnesses, such testimony does provide a basis for a finding that is not clearly erroneous.

6. Witnesses—Personal Knowledge—Witness Testimony—Circumstantial Evidence.

Questions about the state of a person's knowledge can only be proved by statements of witnesses or by circumstantial evidence.

7. Appeal and Error—Judgment—Support For Judgment—Findings of Fact—Noncrucial Findings—Evidentiary Support.

A trial court's judgment must be affirmed if supported by findings not against the clear weight of the evidence; a claim of error based upon findings by the court which are not crucial to the decision will not lead to reversal, even if such findings were without evidentiary support.

8. Appeal and Error—Recovery—Alternative Theories—Resolution on One Ground—Sufficient Relief.

A party cannot gain reversal on appeal by claiming that the trial court erred in refusing to rule on the prevailing party's alternative theory of recovery where the resolution of the case on one ground gives that party all the relief he seeks.

9. Attorney and Client—Attorney Fees—Mechanic's Lien Claims—Statutes—Remedial Construction—Judge's Discretion.

The statute which provides for reasonable attorney's fees in mechanic's lien cases is remedial and should not be narrowly construed; the awarding of attorney fees is within the discretion of a trial judge and his discretion will be upheld in the absence of an abuse in determining the amount of reasonable attorney fees (MCLA 570.12; MSA 26.292).

Appeal from St. Joseph, Robert E. A. Boyle, J. Submitted December 8, 1977, at Grand Rapids. (Docket No. 30652.) Decided March 6, 1978.

Complaint by Sturgis Savings and Loan Ass'n against Italian Village, Inc. and others to foreclose a mortgage. The premises were conveyed to Sturgis Savings and Loan by Italian Village, Inc. in lieu of foreclosure. Cross-complaint and counterclaim by Terry Blanchard against Sturgis Savings and Loan for recovery on a mechanic's lien against the premises. Judgment for Terry Blanchard on the mechanic's lien. Plaintiff appeals and Terry Blanchard cross-appeals. Affirmed.

*Dresser, Marks & Svendsen* (by *Roger A. Bird* and *Raymond H. Dresser, Jr.*), for plaintiff.

*John L. Schwendener* (by *Robert J. Barnard, Jr.*), for defendant, Terry Blanchard.

Before: DANHOF, C. J., and T. M. BURNS and M. J. KELLY, JJ.

DANHOF, C. J. Plaintiff filed suit to foreclose a mortgage, recorded November 1, 1973, on a restaurant named Italian Village, Inc. Before trial, the owners conveyed the restaurant to the bank in lieu of foreclosure and the only remaining controversy concerns defendant Blanchard's alleged mechanic's lien. On October 31, 1973, defendant submitted his bill dated October 26, 1973, for $5,000 to plaintiff for work done to that date. Before Sturgis Savings agreed to release any money for payment, defendant was requested to and did sign a mechanic's lien waiver agreement. Defendant, after completing further work, billed the restaurant for $4,504.99 but received no payment. He then filed a lien on the property.

The main issue in this case is whether the defendant waived his right to a lien for work done in the future by signing a document on October 31

which stated, "The undersigned hereby waive * * * any and all claims or right of lien which the undersigned now have or may have hereafter * * * for labor rendered, material supplied". The burden of proof is on the owner of the property to show a valid waiver, *Marquette Lumber Co v Albee,* 196 Mich 127; 162 NW 1005 (1917). To be effective, the waiver document should clearly and unequivocally show an express waiver, *Saginaw Lumber Co v Stirling,* 305 Mich 473; 9 NW2d 680 (1943).

If the document had made a clear reference to work to be performed in the future, there would be no controversy. See *Pittsburgh Plate Glass Co v Art Centre Apartments,* 253 Mich 501; 235 NW 234 (1931). In that case, the materialman executed a waiver knowing it had been changed specifically to include future work. In this case, however, the waiver document's only reference to the future concerns rights which may later arise from the work performed. It should be noted that "labor rendered, material supplied" was written in the past tense, and so the waiver should be read with this in mind. This interpretation does not make the words meaningless since the contractor could be waiving lien rights on future installment payments for work already completed. In *Saginaw Lumber Co, supra,* a waiver document was held to cover only work already performed, when the reference to rights which may later accrue was crossed out. In both the above cases, the expression of intention as to future work was clear while in this case it was not as clear. Ambiguous terms, especially in a printed form contract, are to be strictly construed against the preparer, *Washtenaw Asphalt Co v State of Michigan,* 42 Mich App 132; 201 NW2d 277 (1972), *Keller v Paulos Land*

*Co,* 381 Mich 355; 161 NW2d 569 (1968). Since some ambiguity did exist in the contract, the trial court was not in error in allowing parol evidence on the parties' intentions. The issue was not over the terms of the waiver, but whether there was any contract or waiver, at all, concerning work not yet performed.

From analyzing the testimony at trial, the judge found as fact that the defendant only intended a partial waiver for the work covered by his $5,000 bid and bill. His bill was expressly limited to work done to date. Also the court found that the plaintiff was aware of additional work done by the defendant at the restaurant that was not covered by his original bid. These findings cannot be set aside unless they are clearly erroneous. 1963 GCR, 517.1. This is especially true where the testimony at trial is in sharp conflict and the judge had the advantage of seeing and hearing the witnesses. *Andrew C Sisman Co v Miller,* 215 Mich 425; 184 NW 456 (1921). This rule applies equally to this case, even though the testimony is not irreconcilable. The judge, based on his observations of the witnesses, found that the witnesses for the plaintiff seemed to have selective memories, recalling only incidents favorable to their side.

After reviewing all the evidence, one cannot say that the trial court was clearly erroneous in finding that the plaintiff had not met his burden of showing that the waiver was clear and unequivocal as to liens for work to be done in the future.

Plaintiff also claims that the judge was clearly erroneous in the finding of six specific facts supporting his decision: (1) That the defendant had no intention of waiving lien rights for future work, (2) the plaintiff knew he did not intend a full waiver, (3) that if defendant did additional work, plaintiff

agent said plaintiff would see the defendant got paid, (4) that the plaintiff never disclosed that it would not pay over $5,000, (5) that the earmarking of funds was without substance and (6) that two other subcontractors who worked on the building were later paid, but not the defendant. The first and fourth of these facts are supported by the direct testimony of the defendant:

"Q. Did you understand you were waiving your lien rights forever?
"A. No, I did not."

Also, even though the defendant might have known or suspected that the plaintiff would only pay out $5,000, he claims the plaintiff never disclosed this to him. Mr. Stanard, who was plaintiff's vice-president, however, claims that he said any future payment must come from the owner. Resolving this conflicting testimony is best done by the trial judge. Although the court is not bound to accept as truth the testimony of interested witnesses, it does provide a basis for a finding that is not clearly erroneous.

The court's second finding, that plaintiff's representative knew that defendant only intended a partial waiver, concerned the state of the agent's knowledge. Like all questions about the state of one's knowledge, this can only be proved by statements of the plaintiff's agents or circumstantial evidence. Plaintiff offered no evidence to show that a full waiver was expected. Plaintiff's evidence, which showed that plaintiff did not intend to pay out any more than the $5,000 earmarked by the loan agreement with the owners, did not concern the defendant's right to enforce a mechanic's lien against the property. The circumstantial evidence admitted at trial supported the judge's findings.

Plaintiff's agent inspected the premises after the billing date and found that defendant was performing additional work there. Also there is no evidence of any discussion concerning the status of mechanics' lien rights for future work. Since plaintiff was aware that defendant was doing additional work on the premises and the parties did not discuss the possibility of waiving lien rights for future work, the trial court was not clearly erroneous in finding from this circumstantial evidence that plaintiff's agents knew that the defendant did not intend to waive his rights to liens for future work.

The other findings claimed as error by plaintiff are not crucial to the decision since the defendant is not seeking recovery through a contractual relationship with the plaintiff. Thus, even if these findings were without support, the judgment must still be affirmed if supported by findings not against the clear weight of the evidence. *Weber v Ford Motor Co*, 245 Mich 213; 222 NW 198 (1928).

The plaintiff also claims that the trial court erred in not ruling on the applicability of the Building Construction Fund Act, MCLA 570.151; MSA 26.331. Since the judge resolved the case on other grounds, he did not rule on this. When the resolution of the case on one ground gives a person all the relief he seeks, the other party cannot gain reversal on appeal by claiming that the trial court erred in refusing to rule on the prevailing party's alternative theory of recovery. This Court declines to rule on issues that have not been considered at the trial court. *John Deere Co v Wonderland Realty Corp*, 38 Mich App 88; 195 NW2d 871 (1972), *Szyszkoski v City of Lansing*, 64 Mich App 94; 235 NW2d 72 (1975).

Plaintiff also challenges the applicability of

MCLA 570.12; MSA 26.292, which provides for reasonable attorney's fees in proceedings concerning mechanics' lien claims. Plaintiff argues that this case is not disputing a lien but rather the alleged waiver of it; a simple contract case. However, the purpose of the statute is remedial and it should not be narrowly construed. The language of the statute reads to "determine the amount due to each creditor who has a lien" which covers the issues presented here. The trial court did not abuse its discretion in permitting the awarding of attorney's fees.

On cross-appeal, defendant claims that the award for reasonable attorney's fees was too low. The awarding of attorneys' fees is within the discretion of the trial judge. *Williams & Works, Inc v Springfield Corp,* 76 Mich App 541; 257 NW2d 160 (1977), and it will be upheld absent an abuse of discretion. See *e.g., In the Matter of the Attorney Fees of William J Hayes,* 55 Mich App 30; 222 NW2d 20 (1974). However, the judge must make findings of fact on the issue, *Desender v DeMeulenaere,* 12 Mich App 634; 163 NW2d 464 (1968). In this case, defendant asks for $5,500 based on 121 hours of time expended in collecting a $4,500 claim. One of the reasons the trial judge awarded only $850 was that he felt the attorney was unreasonable in working that many hours and charging more than was sought to be recovered. The trial court also considered the complexity and difficulty of the issues involved in determining a reasonable allowance. It was not required to accept the attorney's claim of what is reasonable based solely on the number of hours spent. The trial court did not abuse its discretion in determining the amount of reasonable attorney's fees.

Affirmed. No costs, neither party prevailing in full.